# CHARLESTON

## Rexroad, Trustee v. Raines.

Submitted June 17, 1907.     Decided February 11, 1908.

1. Mortgages—*Trust Deed—Foreclosure.*

   A trustee, invoking the aid of a court of equity to remove impediments to a proper execution of a trust deed by sale of the property conveyed thereby to secure a debt, should allege in his bill that he was required, as provided by section 3053, Code 1906, by the *cestui que trust* to execute the trust.  (p. 513.)

2. Same.

   The object of such suit should be to remove impediments and hinderances to the trustee in making sale of the property in executing the trust, and not for the collection, in the name of the trustee, of the debt secured by the trust deed.  (p. 514.)

3. Equity—*Defect of Parties.*

   When, in any way, it appears in a suit in equity that any person, not a party, has a subsisting interest in the subject-matter of the suit and whose rights will be affected by a final decree therein, such party should be brought in by amended bill and proper process before final decree.  (p. 515.)

Appeal from Circuit Court, Randolph County.

Bill by Aaron Rexroad, trustee, against French Raines and others.   Decree for plaintiff, and defendant appeals.

*Reversed.   Remanded.*

Talbott & Hoover, for appellants.
Jared L. Wamsley, for appellee.

McWhorter, Judge:

Aaron Rexroad, trustee, filed his bill in the circuit court of Randolph county against French Raines, E. L. Waybright and Pollie E. Moyers alleging that on the—day of—1890, the defendant Moyers by contract in writing which writing had been destroyed and could not be produced, purchased from Jonas Kisamore a certain town lot in the town of Whitmer in said county located on Front street in said town; that about the 13th of February, 1895, the said Moyers sold said lot with the improvements thereon to the defendants Raines and Waybright, that Raines paid one-half the purchase money and Waybright,

after paying a portion, executed his note for $90 for the residue dated February 13, 1895, payable on the 1st day of September, 1895; that after making said sale said Moyers placed Raines and Waybright in possession of said property and that it was agreed between the said Moyers and the said Raines and Waybright that when the said note was fully paid off the said Moyers should procure a deed from Jonas Kisamore to them for the lot; that on the 30th of September, 1895, defendant Waybright executed a deed of trust conveying the said property to plaintiff in trust to secure the payment of said note to Moyers which deed was duly recorded and a copy filed with the bill; that on the —— day of July, 1896, the defendant Raines purchased the interest of Waybright in said property and agreed to pay said note and fully satisfy said deed of trust if said Waybright should procure a deed for said lot from said Kisamore, which he agreed to do with the express understanding that Raines was to satisfy said note and said deed of trust, that he did procure the said Kisamore to convey said lot to Raines by deed bearing date, July 8, 1896. The deed of trust from Waybright to plaintiff as trustee conveyed lot No. 32 on Front street in said town of Whitmer while the deed from Kisamore of July 8, 1896, conveyed lot No. 31 in Block No. 7, and the bill alleges that it is the same lot as that conveyed by the deed of trust. The bill further alleges that Raines had wholly failed to pay said indebtedness or any part of it and it was all still due and was a lien upon said property; that the conveyance of said Kisamore to Raines was a cloud upon the title of the plaintiff to said property, that said property would not under a sale by the plaintiff as directed in said deed of trust sell for enough to pay the said indebtedness on account of said deed from Kisamore to Raines; that the property would not rent for enough in five years to pay said indebtedness; that said Raines had possession and full use and control of said property and refused to pay said indebtedness and that there was no other encumbrance thereon; praying that if necessary the said Kisamore deed be set aside and that the said lot be sold and that the proceeds of the sale be applied to the said indebtedness, and for general relief.

Defendant Raines filed his demurrer and answer to said bill. It appears from said answer (which denies all material alle-

gations of the bill), among other things, that on the 2nd day of November, 1901, respondent sold one-half of said lot No. 31 to Frank Vandevender and put him in possession of the same, and that Vandevender, as well as respondent, had no knowledge or information that said trust deed operated as a lien on said lot No. 31.    Said respondent filed with his deposition in the case an agreement in writing between himself and his wife and Frank Vandevender, dated November 2, 1901, bargaining and selling, in consideration of $150, to said Vandevender part of said lot No. 31 having a frontage of 23 feet and extending back to an alley in the rear of said lot.

The case was heard on the 3rd day of February, 1905, upon the bill and exhibits, the demurrer and answer of the defendant French Raines filed in court, joinder in said demurrer and general replication to said answer, and upon the depositions of witnesses taken and filed therein; when the court overruled the demurrer and decreed that the plaintiff recover from the defendant Raines the said sum of $90 with interest from the 1st day of September, 1895, until paid and his costs, and, in default of payment to plaintiff of same, decreed the sale of the lot No. 31, and appointed a commissioner to make said sale to pay the said decree.

The defendant Raines appealed from said decree. The first error assigned is the overruling of the demurrer. Section 3053, Code 1906, provides that, "The trustee in any such deed shall, whenever required by any creditor secured or any surety indemnified by the deed, or the personal representative of any such creditor or surety, after the debt due to such creditor or for which such surety may be liable, shall have become payable and default shall have been made in the payment thereof, or by any part thereof, by the grantor, sell the property conveyed by the deed," &c. Clearly implying that the *cestui que trust*, after default, must request action at the hands of the trustee. The bill fails to allege that he was required by the creditor to proceed to sell or to take action as such trustee.

While the deed of trust conveys lot No. 32 in the town of Whitmer to the trustee and the deed from Jonas Kisamore and wife, of July 8, 1896, to the defendant French Raines conveys,

the lot No. 31 in said town of Whitmer, the bill alleges that the deed of trust is intended to cover lot No. 31 and not lot No. 32, and prays for the setting aside of the deed from Kisamore to Raines and that the lot be decreed to be sold to pay the debt. A trustee is not authorized to go into a court of equity for the purpose of enforcing and recovering the debt, but, as stated in 28 A. & E. E. L. 766: "It is the duty of the trustee to resort to equity for the removal of impediments to the execution of his trust, as where the property is encumbered and the title in such shape as to deter bidders." Citing *Quarles* v. *Lacy*, 4 Munf. 251; *Gay* v. *Hancock*. 1 Rand, 72; *Miller* v. *Argyle*, 5 Leigh 460; *Rossett* v. *Fisher*, 11 Grat. 493; *Hogan* v. *Duke*, 20 Grat. 244; and other authorities including *Hartman* v. *Evans*, 38 W. Va. 669, where it is held: "Where there is, from any cause, an impediment to his making a fair and proper sale, (1) as where, from the fact of the deed of trust being one of long standing, or from any cause, the amount due and to be raised by a sale is uncertain; (2) where there are various deeds of trust or other incumbrances; (3) where the legal title is outstanding; (4) where there is a cloud upon the title—the trustee may, of his own motion, apply to a court of equity to remove such impediment to a proper execution of the trust; and, if he should fail to do this, the party injured by his default has a right to make such application."

The duty of the trustee, upon being required by the creditor to make sale, on ascertaining that the legal title is outstanding or that there are impediments in the way of his executing the trust, is to file his bill for the removal of such impediments as hinder his action to enable him to make sale under the deed of trust. In *George* v. *Zinn*, 57 W. Va. 15, it is held: "A trustee in a deed of trust cannot, as a matter of course, resort to a court of equity to have sale made under its decree, instead of selling under the power vested in him by the deed of trust, and, unless he shows such impediment to the exercise of his powers as renders it inequitable for him to proceed without the aid of the court, he will not be entertained."

The bill in the case at bar invokes the aid of the court to enable him to recover the amount of the debt and for a decree for the sale of the property securing the same. The demurrer to the bill should have been sustained.

While the question of the interest of Frank Vandevender in the subject-matter of the suit does not arise upon the demurrer, as it does not appear from the bill that said Vandevender had any interest, yet it appears from the answer of Raines and the written contract filed with his deposition; and when in any way it appears to the court that a party interested in the subject-matter of the suit is not a party thereto, the plaintiff should amend his bill so as to make him a party. See *Ralphsnyder* v. *Titus*, decided at the present term of this Court and not yet reported, and authorities there cited.

For the reasons stated, the decree is reversed and the cause remanded with permission to plaintiff, if so advised, to amend his bill as indicated herein.

*Reversed. Remanded.*