# CHARLESTON.

## BRISTOW v. TYLER *et als.*

Submitted September 24, 1918.   Decided October 1, 1918.

CANCELLATION OF INSTRUMENTS—*Equity—Parties—Review.*

It is reversible error to decree cancellation of a note and a deed of trust securing the same in the absence as a party of the assignee thereof before suit brought, and when the fact appears on the record a bill of review for error of law apparent on the face thereof will lie at the suit of the payee and assignor of the note to correct such error, notwithstanding the decree attempts to limit its effect to the rights of the parties before the court which include the trustee in the deed of trust.

Appeal from Circuit Court, Ohio County.

Bill by Nicholas Bristow against Emma Tell Tyler and others. Decree for defendants, and plaintiff appeals.

*Reversed and remanded.*

*McCamic & Clarke,* for appellant.
*J. M. Ritz,* for appellees.

MILLER, JUDGE:

The present appeal is from the decree below pronounced on September 8, 1917, dismissing on demurrer the bill of review brought by plaintiff Nicholas Bristow to review for alleged error of law apparent on the face of the record, the decree of said court of October 4, 1915, pronounced in the chancery cause of the defendants herein Emma Tell Tyler and Augustus Tyler against the defendant therein, Nicholas Bristow, and others, cancelling and setting aside and hold-

ing for naught as between said Augustus Tyler and Emma Tell Tyler and the said Nicholas Bristow, a deed of trust executed by the former, in favor of the latter, to B. W. Peterson, trustee, dated May 24, 1911, and the note secured thereby and therein described.

The relief sought in the original suit was predicated on alleged failure of consideration and fraud of the said Nicholas Bristow in the procurement of said note and deed of trust. The material facts alleged to show failure of consideration and fraud were denied by the answer, and the answer and proof taken on the issues showed that said note and deed of trust before maturity had been assigned and transferred by said Bristow to a third person. The answer did not disclose the name of the assignee of the note, but the name was subsequently and before the decree sought to be reviewed made to appear. Nevertheless the assignee was not by amendment of the bill or otherwise brought into the cause to defend his rights. The court in its decree, however, undertook to preserve his rights and to a certain extent the rights also of the defendant Bristow, by reciting that it did not then pass upon the question of the indebtedness between plaintiffs and defendants, nor upon the rights of the assignee of the note in question.

Although it is now contended that the note secured by the deed of trust was not negotiable, the original bill of the defendants hereto alleged it to have been negotiable, and as described in pleadings and proof it was in form negotiable. And it is now contended on behalf of appellees that the plaintiff Bristow having alleged an assignment by him of the note, has no interest to subserve herein, wherefore no right to maintain his bill of review. But if he is endorser of the note, or if not endorser, on the theory of the original bill that the note was obtained by fraud and deceit, he is interested, and would no doubt, by sections 65 and 66, chapter 98A, Code. be rendered liable to his endorsee or assignee, and his right to have the assignee brought in and the whole controversy disposed of in the one suit cannot be questioned. His original answer to the former bill discloses the fact of the assignment, but not the name of the assignee; but the decree on its face

shows that the cause was heard on depositions, including that of Frank Bristow, no doubt disclosing his claim of right to the note and deed of trust, and besides the petition of appellant for a rehearing filed on the day of the decree and also referred to therein disclosed the name of the assignee, so that it appears upon the record that Frank Bristow was assignee and claimant of the note, and that he should have been made a party to the suit. Numerous grounds of error in the decree are relied on, but in the absence of the assignee of the note the only point which we should now consider is the error, if any, in pronouncing the decree sought to be reviewed without the presence of the assignee of the note and deed of trust.

It is conceded that the absence of a party in interest is fatal to a final decree effecting his interest in the subject matter thereof. How can it be contended that the assignee of the note involved here was not interested in a decree which made the grantors and the trustee in the deed of trust parties and decreed cancellation of the note and deed? In accordance with general rules of practice our cases say that whenever during the progress of an equity suit it appears in any way that persons not parties to the cause are materially interested in the subject involved or have rights that will be affected by the decree they must be made parties by proper amendment and process. *Bragg* v. *United Thacker Coal Co.,* 70 W. Va. 655; *Rexroad, trustee,* v. *Raines,* 63 W. Va. 511. The first of these cases was to get in the legal title to land alleged to be held in trust by one of the defendants, and it was decided that the bond holders secured and the trustee in a deed of trust executed by an intervening grantee were necessary parties to the bill seeking to affect an underlying deed sought to be set aside. If in the case at bar the assignee of the note has a valid right and title thereto, he is vitally interested in the deed of trust affected to some extent at least by the decree to which the trustee in the deed of trust was a party; he is now the principal beneficiary. In *Beckwith* v. *Laing,* 66 W. Va. 246, we decided, that if, in the progress of a suit in equity, it develops in any way that one or more of the defendants is a trustee and the benefici-

aries of the trust are not made parties, no final decree should be entered in the cause unless such beneficiaries are made parties by amendment of the bill.

Declining to respond to any of the other questions presented which relate to the merits of the controversy, we are of opinion to reverse the decree dismissing the bill of review, to overrule the demurrer thereto, and to remand the cause for further proceedings thereon.

<em>Reversed and remanded.</em>