# CHARLESTON.

CASTO *et al. v.* KINTZEL *et al.*

Submitted January 23, 1886.—Decided February 25, 1886.

1. " K." having died intestate seized of 296 acres of land left surviving him his widow and also ten children, his heirs at law. The dwelling-house upon the land having been destroyed in his

lifetime, his widow, who became his administratrix, built a new dwelling-house thereon and cut, sold and removed from the land large quantities of its most valuable timber. In a suit brought by some of the heirs against the others and the widow to have partition of the land, and also to charge the widow with the value of the timber so taken, sold and removed she claimed that the estate was indebted to her for moneys paid by her as administratrix in discharge of the debts of the intestate, and also for the value of the dwelling-house, which she had erected on the land; HELD:

I. The widow was chargeable with the value of the timber cut, sold and removed by her.

II. The value of this timber was properly applied to extinguish *pro tanto*, the amount due to her as such administratrix from the estate of her decedent.

III. The dwelling-house having been erected on the land without the consent of the heirs of her husband, she is not entitled to charge the estate with the value thereof.

IV. The widow is entitled to be endowed of one full fair third of the land according to quantity and quality, as it was at the time of her husband's death, and *in addition thereto* with the use of the dwelling-house which she erected thereon.

V. The shares of two or more of the heirs, who or whose guardians may so elect, may be assigned and allotted to them in one parcel.

VI. The heir is entitled to have his share of the land in kind allotted to him in severalty, and it is only, when circumstances exist, which render a fair partition impracticable, that the court is justified in exercising its extraordinary power of directing the lands to be sold in lieu of making partition thereof in kind.

*Charles E. Hogg* for appellants.

*Tomlinson & Polsley* for appellees.

WOODS, JUDGE:

In 1876 Gotleib Kintzel died intestate seized of 296 acres of land in Mason county, West Virginia, leaving surviving him his widow Margaret Kintzel who afterwards qualified as his administratrix, and ten children, viz: Elizabeth who intermarried with Samuel Casto, Augustus Kintzel and Edward Kintzel children by a former wife, and Emma, Elmira, Mag-

gie, Harriet, Flora, Gotleib and Lewis Kintzel, his heirs at law, the last five of whom were infants. Said intestate became insane, set his house on fire, consumed it with all its contents and then committed suicide. His personal property did not exceed $200.00 in value, which his widow claimed under the law exempting certain property from forced sales for the payment of debts. By the industry and economy of the widow, she succeeded in paying the taxes on the land, and debts due from her husband's estate to the amount of $401.16. From timber cut from the land, and other sources of her own, she erected thereon a new dwelling-house for the use of herself and said children, which is admitted to be worth at least $350.00, and is variously estimated by the witnesses to be worth from $500.00 to $700.00.

At July rules 1879, Samuel Casto and his wife Elizabeth Casto, Augustus Kintzel and Edward Kintzel filed their bill in the circuit court of Mason county, against Margaret Kintzel in her own right, and as the administratrix of Gotleib Kintzel deceased, and against his other heirs, praying that partition of the 296 acres of land might be made, subject to his widow's right of dower therein. The infants answered by their guardian *ad litem*, and on November 18, 1879, the cause was regularly heard, and commissioners were appointed to assign dower, and make partition of the land, if in their opinion the same could be done in kind, without loss or injury to the parties, and if not to report that fact with the reasons on which their opinion was founded. The commissioners reported such partition impracticable, but assigned dower by metes and bounds to the widow, but neither their report nor the reasons, relied upon to show that the land was incapable of partition, appears in the transcript of the record before us.

On February 19, 1881, Margaret Kintzel in her own right and as such administratrix, answered the bill alleging the death of her husband, and the destruction of her dwelling-house, and all of its contents including the clothing of the family, under the circumstances hereinbefore stated; that she qualified as his administratrix; that his whole personal estate did not exceed $200.00 which under the statute a husband or parent residing in this State is authorized to

set aside as exempt from forced sale; that out of her own private means she had paid debts and charges against her husband's estate to the amount of $500.00; that she had replaced the burnt house by another erected by herself out of her own means for the use of herself and family which cost her $450.00 and claimed that she was entitled to stand as a creditor against her husband's estate, for the amount so paid by her on the charges against her husband's estate, and for the value of the dwelling house which she erected on the land. She prays that the debts due from her husband's estate may be ascertained and the payment thereof provided for; that she may be repaid the amounts so paid by her upon his debts, together with the value of said dwelling house.

She prays that in the partition of the land, the shares of her four infant daughters Almyra, Margaret, Flora and Harriet, may be laid off together as one parcel, and that her dower may be assigned to her adjoining them, and that so much of her husband's debts as may be chargeable upon said four shares may be apportioned thereon, which she avers she is willing to pay, and thus save the lands from being sacrificed at public sale, and for general relief.

On May 10, 1881, an amended and supplemental bill was filed, the sole purpose of which was to charge the said Margaret with waste committed by her upon the land since her husband's death by cutting and removing therefrom a large amount of valuable timber, converting the same to her own use to the value of $1,009.00, and praying that she should be compelled to account for the value of timber so taken, and for general relief. The cause was referred to a commissioner with instructions "to take, state and report an account of all indebtedness against the estate of Gotleib Kintzel, deceased, showing the names of the parties to whom said debts are due, their nature, amount and priorities." The commissioner returned his report, wherein he reported that the only debt due from the estate of the deceased were $158.60 to Michael Beysley and $401.16 to the said Margaret, as the administratrix of said decedent and that she was chargeable with the sum of $398.31, on account of the timber taken by her from the land since her husband's death for which she had never accounted; and that the dwelling which she erected on the

farm was variously estimated by the witnesses to be worth from $350.00 to $700.00; and that the annual rental value of the land was from $100.00 to $125.00, but he declined to report whether she was or was not entitled to compensation for the erection of the dwelling house.   This report was not excepted to by any of the parties, and on May 12, 1882, the cause was again heard, when the court by its decree confirmed the commissioners' report, and adjudged that Margaret Kintzel is entitled to be paid out of the estate of said decedent the "sum of $350.00 for improvements made upon the land as appears from the evidence in the cause;" that said Beysley be paid $158.00, with interest, and adopting the views of the commissioners that partition of the 296 acres of land could not be made, the court assigned to the widow by metes and bounds her dower as laid off by them, decreed that the 296 acres of land subject to said dower be sold on the usual terms, by special commissioners appointed for the purpose.

From this decree the plaintiffs below have obtained an appeal and *supersedeas.*

The appellant assigns the following errors.

First. In allowing the defendant Margaret Kintzel $350.00 for the improvements made by her on the land, because it does not appear they were made by contract with the decedent or his heirs:

Second. Because the improvements made were the voluntary acts of the widow, and inured to the benefit of the remainder-men and she could not enforce payment thereof in law or in equity ·

Third. In not requiring payment from the widow for the rental of the land, up to the time of the partition.

It is a sufficient answer to the last ground of error assigned, that in neither on the orignial nor amended and supplemental bill is it alleged, that the plaintiffs are not, and have not continued to be in the possession and enjoyment of the 296 acres of land, or that the widow has had exclusive possession thereof, or that they or any of them have been by her excluded from the enjoyment of the land or that she appropriated more than her just share of the rents, issues or profits thereof to her own use, nor have they prayed for any such

relief against her; nor was this matter in any manner put in issue.     It is true some testimony was taken tending to show what was the annual rental value of the land but no such question was raised by the pleadings, and no such inquiry was referred to the commissioner, and therefore no decree for the rental value of the land could properly have been rendered. *Early and wife* v. *Friend, &c.*, 16 Gratt. 53.

Until her dower is assigned the widow is entitled to demand of the heirs or devisees of her husband one third part of the issues and profits of the other real estate which was devised or descended to those of which she was dowable, and in the meantime she may hold, occupy and enjoy the mansion-house and curtilage without charge. Code, ch. 65, sec. 8. She is therefore in possession not as a trespasser, and may lawfully use so much of the timber growing on the land as may be necessary for the reasonable enjoyment thereof, and to keep the mansion house and curtilage in repair during the time she may lawfully hold or occupy the same, but she may not waste the substance of the inheritance by cutting, removing or destroying the timber growing on the land to any other or greater extent. Such destruction or removal of timber would be a lasting damage to the inheritance and a disherison of them in remainder which is the true definition of waste.     *Findlay* v. *Smith, &c.*, 6 Munf. 134.     There seems to have been no controversy between the plaintiffs and the widow as to whether the removal of the timber complained of was of this character, the only questions seem to have been the amount of timber actually taken and the value thereof. It was not pretended by the widow that any considerable portion of the timber taken was used or needed for the necessary repairs of the farm.     The evidence shows, that it consisted of the largest and most valuable oak, poplar and pine trees growing over the 196 acres of uncleared land, and that a very large proportion of such timber had been removed, or converted into lumber and sold.     There was some evidence tending to show that the whole proceeds realized by her from the sale of this timber had in fact been applied to the support of herself and family. and for the erection of the new dwelling house; but how much had been used to support her family or to restore her household-goods which had been de-

stroyed with the old dwelling, or how much was consumed or used in re-building the new does not appear, and when the commissioner in his report charged her with the sum of $398.31 for the timber so taken by her, she seems to have acquiesced in his conclusion, for she neither excepted to his report charging her with that amount, nor complained of the decree of the court confirming the same, and not having excepted to his report we must presume she was correctly charged with the value of this timber and that it was of the value of $398.31. *Ward* v. *Ward*, 21 W. Va. 262; *McCarty* v. *Chalfant*, 14 W. Va. 531. It is not denied that the erection of the new dwelling-house on the land, however necessary and meritorious, was the voluntary act of the widow, without the consent of, or without any agreement with the heirs of her husband, six of whom at that time were infants, without legal capacity to enter into any contract. The plaintiffs insist that having done so, she is not entitled to receive any compensation therefor.

A widow entitled to dower in the real estate of her deceased husband is neither a joint tenant, tenant in common, or corparcerner with the heirs at law, within the meaning of ch. 79 of the Code. *White* v. *White*, 16 Gratt. 264; but inasmuch as she may be tenant for life of the mansion house and curtilage unless her dower is assigned to her, she may be considered as tenant of a distinct part of the freehold. Her power to encumber the interest of the remainder-men can in no event exceed that which she might rightfully exercise over her dower when the same has been assigned to her. In that event she becomes tenant for life therein. It has been frequently adjudged and the rule of law is well settled that one tenant in common can not charge the land of his co-tenant for improvements made on the common property without the consent of his co-tenants; nor can a tenant for life charge either the remainder-man or the estate, for improvements placed on the lands in which he holds his life estate. *Thurston* v. *Dickinson*, 2 Richardson's Eq. R. 317; *Thompson* v. *Bostick*, McMullan's Eq. R. 75; *Dillet* v. *Wheeler*, Chev. Eq. R. 213; *Hancock* v. *Day*, 1 McMullan's Eq. R. 69; *Crest* v. *Jackson*, 3 Watts. 238; *Calvert* v. *Aldritch*, 99 Mass. 77; *Taylor* v. *Baldwin*, 10 Bar. 510,

From these authorities it is clear, that in the absence of evidence tending to show, that the dwelling-house in this case was erected on the land of the decedent with the consent of his heirs, his widow is not entitled to charge his estate with the value thereof. How far the widow might be entitled to set off the value of this improvement in a suit brought against her by the heirs of her husband to charge her with the rents and profits of the land is not involved in this controversy, and we therefore express no opinion on that question. But for the reasons already stated we are of opinion that the circuit court erred in allowing to the defendant Margaret Kintzel the sum of $350.00 for the value of said improvement, and in declaring the same a charge against the said land.

We are unable to determine from the transcript of the record before us what peculiar circumstances existed, which could justify the commissioners appointed to make partition in reporting that it "was impracticable and impossible to to make partition" of so large a tract as 296 acres of land among ten persons subject to the widow's dower therein, and especially so when the shares of at least four of the infant daughters of decedent, may very properly be laid off together in one parcel. It is the right of each of these heirs to have his share of the land in kind allotted to him in severalty, and it is only when peculiar circumstances are found to exist which render a fair partition thereof absolutely impracticable, that the court should call into exercise the extraordinary power of directing a sale of the whole land which in most cases, and especially in this case, would result in a ruinous sacrifice of the interest of the infant defendants, for the benefit of some of the adult heirs, or perhaps for the benefit of some stranger. It does not appear whether the dwelling-house erected by the widow, was assigned to her as part of her dower or not, or if the same was so assigned to her, whether the value of this improvement was estimated against her in this assignment of dower. Although she is not entitled to compensation for the improvements made by her on the land, she is entitled to be endowed of one full third part of said land according to quantity and quality as it was at the time of her husband's death, and also of the use of the

improvements made by her, and this dower should so far as practicable be laid off and assigned to her, in connection with the parcels assigned to her four infant daughters.

But as the only unsatisfied debt against the estate of Gotleib Kintzel, deceased, is that of $158.00 decreed to be paid to Michael Beysley, of which one tenth part, with one tenth part of the costs of this suit is chargeable upon the several interests of each of said heirs in said parcel of land, the same should be ascertained and declared to be a separate charge on the several parcels allotted to each of said heirs in the partition of said land, with power to sell, the shares of such as may make default in the sums so chargeable on their lands. We are therefore further of opinion that the circuit court erred in confirming the report of said commissioners appointed to make partition of said lands.

For the reasons above stated the decree of the circuit court of Mason county, rendered in this cause May 12, 1882, must be reversed so far as the same allows and decrees to be paid to Margaret Kintzel the sum of $350.00, for the improvements made by her upon the said land; and also so far as the same confirms the report of said commissioners assigning dower, and as reports it impracticable and impossible to make partition of the 296 acres of land, and also so much of said decree as directs the said lands to be sold, with costs to the appellant against the appellee, Margaret Kintzel, and that the decree in all other respects must be affirmed; and this cause is remanded to the said circuit court with instructions to recommit the same to the same or other commissioners to assign to the widow her dower in said land as it was at the time of her husband's death, and to allow to her in addition thereto as part thereof, the dwelling-house erected by her, without taking into account the increased value of the land occasioned by the erection of said dwelling-house thereon; and also to make partition of said 296 acres of land, subject to the said dower, allotting one tenth part thereof according to quantity and quality to each of the said heirs of Gotlieb Kintzel; and the court shall instruct said commissioners that in making such partition they shall assign to any two or more of said heirs, who may so elect their shares in one parcel, if the same can be done without manifest injury to the shares

of the other heirs.    And the widow, as the natural guardian of her four infant daughters, having already so elected as to them, the commissioners shall assign their several interests together in one parcel ;· and as to the residue of the said land, if the commissioners shall be of opinion that the interests of the adult heirs will be promoted by a sale thereof together without dividing the same; or if such adult heirs shall so desire, the court shall direct their interests to be sold, and the proceeds thereof shall be divided between them according to their interests therein, after payment of their ratable share of the costs of the suit.    Reversed in part, and affirmed in part and remanded, for further proceedings according to the principles settled in this opinion.

AFFIRMED IN PART.    REVERSED IN PART.    REMANDED.