# CHARLESTON.

WILLIAM DARIUS HOGAN *et al* v. WIRT C. WARD *et al*.

Submitted February 8, 1921.    Decided February 15, 1921.

1.    PARTITION—*When Sale in Partition Proper Stated.*

> Before there can be a sale of land in a partition suit, it must be ascertained and determined that partition cannot be conveniently made, and that the interests of those who are entitled to the land, or its proceeds, will be promoted by a

sale thereof; but if the court, having jurisdiction of the land and of all parties interested therein, decrees a sale of the land, without it appearing on the record that the interests of those entitled thereto will be promoted by the sale, the decree is erroneous, and not void. (p. 686).

2.  SAME—*When Prayer for General Relief Sufficient on Which to Base Decree of Sale Stated.*

In a suit for partition of lands where the bill does not pray for a sale if the partition cannot be conveniently made, and it appears in the proceedings that it is impracticable or impossible to make partition in kind, and that the welfare of the parties interested therein will be promoted by a sale, the prayer for general relief is sufficient pleading on which to base a decree of sale, especially where the rights of an innocent purchaser for value have intervened. (p. 689).

3.  SAME—*Purchaser's Title Protected Notwithstanding Error in Decree.*

When real estate is sold in such partition suit, the record therein not showing that the interests of those entitled to same will be promoted by a sale, and is purchased by a party to the suit who did not in any way bring the property to sale, was not interested therein, and in no way induced the error, and the sale is confirmed without objection, his title is protected by sec. 8, ch. 132 of the Code, notwithstanding the error in the decree. (p. 691).

Appeal from Circuit Court, Randolph County.

Action by William Darius Hogan and others against Wirt C. Ward and the West Virginia Pulp & Paper Company and others. Judgment for plaintiffs, and the Paper Company and others appeal.

*Reversed, and bill dismissed.*

*Talbott & Hoover,* for appellants.
*W. B. & E. L. Maxwell,* for appellees.

LIVELY, JUDGE:

Appeal and supersedeas was obtained by the West Virginia Pulp and Paper Co., Spencer Hamrick and George W. Hogan to a decree of the Circuit Court of Randolph County of the 7th day of November, 1919, setting aside, as void, deeds made to them by Naomi Hogan Vanpelt. The deed to Spencer Ham-

rick from her is dated July 31, 1909; that to George W. Hogan, June 26, 1907; and that to the West Virginia Pulp and Paper Co. dated May 19, 1908 from John A. Innes, who received his deed from Naomi Hogan (afterwards Vanpelt) on October 10, 1905. The bill was filed at December rules, 1914, by William Darius Hogan, Esther Hogan, Charles Edmund Hogan and William Henry Hogan, by their next friend, and others against the above named appellants, and Wirt C. Ward and others, alleging that their father, William H. Hogan, had died in 1901, intestate, and seized of two tracts of land called the "mountain place" and "home place" respectively; that two suits were instituted shortly after his death, one by Jacob Hogan et al. against Naomi Hogan, the widow, et al. for a partition of the lands, and the other by Naomi Hogan against George W. Hogan et al. for assignment of dower to the plaintiff therein; that such proceedings were had in these cases as resulted in a sale of the "mountain place" to Wirt C. Ward and Elihu Hutton; and that dower was assigned to the widow, consisting of the entire "home place" and in addition thereto a sum was decreed to her in lieu of her dower in the "mountain place" from the sale of that tract; that the interests of the heirs in the "home place" had been sold to Naomi Hogan, subject to her dower therein, and that she had afterwards deeded the entire "home place" to George W. Hogan and Spencer Hamrick in two separate tracts; and that before these sales to George W. Hogan and Spencer Hamrick she had conveyed the timber on the "home place" to John A. Innes, and that he had afterwards deeded the timber to the West Virginia Pulp and Paper Co. The bill prayed that the sale of the lands made to Ward and Hutton of the "mountain place," and that made to Naomi Hogan of the remainder interests in the "home place," and the subsequent deeds from her be set aside, cancelled and annulled, because the court in those two suits had no jurisdiction to pronounce the decrees of sale. The records of the two original causes in which the sales were made were exhibited and made a part of the bill. All the parties defendant either appeared and demurred to the bill or filed answers thereto. It appears that all persons interested in the lands mentioned were made either parties defendant or ap-

peared as plaintiffs. The bill does not charge fraud or collu-
sion in the procurement of the decrees of sale under which
these lands were sold but sets forth in a general way the pro-
ceedings had in the two original chancery causes and alleges
that the circuit court illegally assumed jurisdiction to sell the
real estate and that there were no pleadings upon which to base
the decree except the report of the commissioners of partition
appointed therein. George W. Hogan, Spencer Hamrick, Elihu
Hutton and Wirt C. Ward demurred to the bill; afterwards by
amended bill John A. Innes and the West Virginia Pulp and
Paper Co. were made parties defendant and the latter like-
wise demurred to the amended bill. On February 22, 1918 a
decree was entered sustaining the demurrers of Ward and Hut-
ton, and those persons holding under them, and dismissing the
cause as to them. From this decree no appeal was taken, and
it is unnecessary to further consider any questions which arise
as to the sale of the "mountain place." Appellees allege cross
error against this decree on this appeal; but this cross assign-
ment of error cannot be considered here as these parties in-
terested as purchasers of the "mountain place" are not be-
fore the court. It appears that an appeal was sought from this
decree of February 22, 1918, but was refused. It is not im-
portant to detail the various pleadings filed in this case. The
main question, and upon which all the other questions turn,
is whether or not the sale of the "home place" to Naomi Hogan
under the decree of October 2, 1904, pronounced in the or-
iginal suits, was without jurisdiction of the court, and void.
In the original suit of Jacob Hogan and Celesta Gibson against
Naomi Hogan and the heirs of W. H. Hogan, filed at September
rules, 1902, it was alleged that George W. Hogan and Levi H.
Hogan had received their full, fair and equal portion of the
estate from their father in his life time, and were not en-
titled to anything further in the way of lands or personal es-
tate; and it was afterwards determined upon proof that they
had received their share, and a decree, finding that fact was
entered, before the decree of sale of the "home place," and
thereafter they had no further interest in the litigation. As
before stated, commissioners were appointed to make parti-
tion of the Hogan lands and on August 16, 1904 they reported

as to the "home place": "Your commissioners would further report that said home place, after the termination of the widow's dower therein, is not, in their opinion, susceptible of partition in kind among the heirs of William H. Hogan, deceased, and the same should be sold either now, subject to the widow's dower, or after the termination of the widow's dower therein, and the proceeds divided among the heirs of the said Hogan." On this report the decree of sale of the October term, 1904, was predicated, at which sale the widow, Naomi Hogan, bought the "home place," subject to her dower, for the sum of $340.00. Exceptions were made to the report of sale to the effect that the bid was inadequate, and the court ordered a new sale thereof; but at the second sale the land was sold to her for the same amount and a decree of confirmation entered and deed made in conformity therewith. It nowhere appeared in this partition suit that the interests of the children of William H. Hogan would be promoted by this sale. Neither was there a prayer in the bill alleging that it was impracticable to partition the lands and asking for a sale. Because of the failure of the record to show these two things, the plaintiffs in this suit assert their right to have the decree set aside as null and void, without jurisdiction of the court to pronounce, and consequently, that the deeds made in pursuance thereof should be set aside as void. It is not deemed important or necessary to set out in full the various pleadings and procedure in the original suits or in this suit. Only sufficient has been stated to bring out clearly the issue here involved.

The vital question in this case is whether or not the decree of October 2, 1904, in the original consolidated suits, which directed sale of the "home place" is void or voidable. If void, the decree in this case of William Darius Hogan et al. v. Wirt C. Ward et al. must be affirmed. If merely voidable, then a different disposition must be made.

There are many cases decided by this court where the prerequisites of sale have been determined; and they consistently hold that there must be a pleading in the cause on which a decree of sale may be based; that it must appear that partition cannot conveniently be made; and that the interests of the parties entitled to the land will be promoted by a sale. Where

these prerequisites did not appear, the decree of sale has been reversed on appeal. In *Hull* v. *Hull,* 26 W. Va. at page 29, Judge GREEN said that the record in that case did not show that the interests of the infant owners of the land would be promoted, and "this surely constitutes a palpable and substantial error in the proceedings and decree." In the case of *Roberts* v. *Coleman,* 37 W. Va. 143, the court reversed the decree of sale because the record did not show that partition could have been conveniently made, nor that the interests of the owners would have been promoted by the sale. Judge BRANNON, on page 158 says: "The facts required by the statute must appear. Where the record does not show this, a sale is *errone-Ous.*" He does not say that the decree is *void.* The case of *Waldron* v. *Harvey,* 54 W. Va. 608, was purely for partition, which was made, and each heir was required to pay his part of the costs, and the case was dismissed from the docket. Buskirk afterwards gave notice to the parties that he had become a beneficiary of the parties entitled to costs in the case, and that he would, at the following term, move the court to reinstate the cause on the court docket. The case was reinstated at the October term, and afterwards at the following April term, a decree was entered, directing sale of sufficient lands to pay the costs. Under this decree 99 acres of the land assigned to one heir were sold by a commissioner. The court held this decree of sale void, saying that the decree that the heirs pay costs was a judgment and must be enforced in another suit for that purpose. The court had no jurisdiction to sell for costs; also that the decree of sale was void because the final decree, making partition and dismissing the case from the docket, ended the case, and there was no case in court for further decree. That case has little application here. In *Herold* v. *Craig,* 59 W. Va. 353, the decree for sale was not held to be void. The decree in *Hoback* v. *Miller,* 44 W. Va. 635, was declared void, because the court had no jurisdiction to sell upon the bill of the widow, who had nothing but a dower interest on which to predicate her bill. There was no jurisdiction. The decree was not merely erroneous, but void. The same holding, and for the same reason, is found in *Conrad* v. *Crouch,* 68 W. Va. 678. That case held a decree of sale of infants' timber to be

void, because entered in a suit brought by a widow against the
heirs for assignment of dower. She could not have the infants'
land sold in such a proceeding either on account of insuffi-
ciency of personal assets to pay the debts of the estate, or on
the ground that the interests of the infant heirs would be pro-
moted by such sale. "A sale of lands of infant heirs made
in such proceedings, either for the purpose of paying debts of
the estate, or on the ground that the interests of the infants
will thereby be promoted, is void for want of jurisdiction."
(3rd. pt. syl.) The decree of sale in *Smith* v. *Green,* 76 W.
Va. 276, was reversed because it did not appear from the
record that partition could not be conveniently made, and
that the interests of the co-owners would be promoted by sale.
The court said the decree was *erroneous* for want of proof. It
did not say the decree was *void.*

*Stewart* v. *Tennant,* 52 W. Va. 559, an especially well con-
sidered case, reiterates that before a sale of land can be made
in a partition suit, before the decree can be entered, it must
appear from the record that the partition thereof cannot be
conveniently made. In that case there had been no report
from commissioners that the land could not be conveniently
partitioned, nor was it shown that partition could not be made.
There was no recital to that effect in the decree. The decree
recited that the interest of the two infants would be promoted
by sale of their interests in the tract as shown by evidence
adduced at the bar of the court; but the other necessary re-
quirement of the statute, that partition could not be conve-
niently made, nowhere appeared in the record, and the opinion
said that the decree was erroneous for these defects. In that
case, as in this, it was insisted that the decree was void under
the authority of *Hoback* v. *Miller, supra,* and Judge POFFEN-
BARGER said there was a great dissimilarity in these two cases.
In *Hoback* v. *Miller* the plaintiff had no right to file any sort
of bill upon which the sale of infants' land could be predicated;
therefore the court was without jurisdiction and its decree void.
But in *Stewart* v. *Tennant* the plaintiffs were tenants in com-
mon with the infant and entitled to partition, and upon their
right of partition could force a sale, it appearing that parti-
tion in kind could not be made, and that it was to the best.

interests of the parties thereto that such sale be made. The necessary parties were before the court as well as the subject matter, and the jurisdiction of the court was proper for sale. But one of the statutory requirements was not shown, and the decree was held to be erroneous, and not void. Judge POFFEN-BARGER said: "After that, (jurisdiction of subject matter and proper parties) in the exercise of its jurisdiction, the court departed from the rules of law governing the proceedings, which amounts to error in the exercise of jurisdiction, but not to an act without jurisdiction. Whether the decree is erroneous and therefore voidable or actually void, having no force or virtue for any purpose is not very material or important, but it seems to be voidable only."

But it is insisted that there was nothing in the pleadings in the partition suit of Jacob Hogan and Celesta Gibson against Naomi Hogan et al. on which to base a decree of sale of the "home place," the prayer of the bill being for partition only. We do not so hold. In a suit for partition the statute expressly says that if partition cannot be conveniently made and the interests of those who are entitled to the subject or its proceeds will be promoted by a sale, a sale may be made. It necessarily follows that in every suit purely for partition the question of sale may arise by virtue of this statute, and if the facts required by the statute are shown on which to base a sale, it must be so done. It would be a remarkable situation if upon a bill for partition, purely, it should appear in the proceedings that partition could not be made, that then the bill should be dismissed because there was no alternative relief by sale prayed for in the bill. The report of commissioners of partition would be sufficient. It would bring the whole matter to the attention of the parties, and to the court for adjudication. The possibility and advisability of a sale necessarily enters into every suit for partition by virtue of this statute. A sale in a partition suit could not be made at common law. In *Croston* v. *Male,* 56 W. Va. 205, the suit was instituted, not for a partition, but for a sale, and the court held that under the prayer for general relief a partition might be made. We cannot see why the converse thereof should not be true. No relief can be granted under a general prayer which is entirely

distinct from and inconsistent with the special prayer. But the sale is not entirely distinct from and inconsistent with the prayer for partition, as above intimated. *DeCamp* v. *Carnahan,* 26 W. Va. 839. "Although a suit is for the sale of the property it has been said that the prayer should be for the partition as well as the sale, but the position is absurd and cannot be maintained where the allegations show that division by allotment is impracticable. Plaintiff's relief, at least when the judgment is not by default, is not restricted by his prayer. Thus, although he prays for partition by allotment, it may be made by sale; and generally the court may grant any relief proper on the facts alleged and established, whether or not it be other, or in addition to, the relief in fact prayed for in the complaint." 30 Cyc. 219-220.

The commissioners of partition reported that in their opinion the "home place" was not susceptible of partition in kind among the heirs of W. H. Hogan, deceased, after the termination of the widow's dower therein, and that the same should be sold. But the record is silent as to whether or not it would be to the best interests of the heirs to have a sale instead of partition. Here was a very patent defect in the proceedings and the court should not have entered a decree upon this status of the pleadings and proof. But it did so. It was a very glaring error, and upon appeal there would have been no question of reversal. Possibly the judge may have had evidence before him sufficient to meet the requirement of the statute which the record does not disclose. Possibly he considered that the interest of the eleven heirs in the "home place," burdened as it was by the widow's dower, would be so insignificant to each, that the costs of partition would not justify the division in kind, and that it would be to their interest to decree a sale. The land, after being twice advertised, brought in $340.00 only. The record does not disclose the age or health of the widow. She was a second wife. She is still living, married to Vanpelt. The propriety of the sale must be tested by the circumstances then existing. But we should not wander into the realm of speculation, and it is at once conceded that the facts sufficient to meet the requirement of the statute should appear in the record. The statute does not so require, but all our decisions

so state.   But the court had jurisdiction of the property, and of all the persons in interest, and if the court made a mistake, however palpable and egregious, it would not render the decree void, but voidable only.   In the often cited case of *Zirkle* v. *McCue*, 26 Grattan 517, which was a suit for partition, the commissioners after assigning the widow dower, including the mansion house and improvements, did not partition the residue among the eight heirs.   They reported the fact to the court, but did not recommend a partition and did not intimate that it could be conveniently done.   They clearly saw the difficulty of partitioning so small a tract among so many, with due regard to wood and water and places of residence.   After that report was returned to the court, it was suggested by counsel that it would promote the interests of all concerned to sell the residue of the tract in three parcels rather than to make an assignment of any particular parcel to any one or more of the heirs.   A decree was entered for sale and the appellate court confirmed that sale inasmuch as the rights of an innocent purchaser had intervened.

Another important principle enters into this case.   Naomi Hogan (afterwards Naomi Hogan Vanpelt) purchased the remainder interests in the "home place," which "home place" she held for life under her assignment of dower.   What are her rights?   If the decree is erroneous and voidable only, then she is protected in her title by section 8 of ch. 132, Code 1918, which reads:   "If a sale of property be made under a decree or order of a court, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled."   A sale in partition is a judicial sale.   The purchaser is protected by the judgment of the court as fully as in any execution or judicial sale.   The various matters necessary to authorize the sale have all been made subject of judicial inquiry and determination.   "If the court acted erroneously in deciding upon the sale, or committed any other error, this should have been corrected by appeal, or by some other appropriate proceeding in the partition suit.   Not being so corrected, the parties interested have acquiesced in and ratified it; and they cannot

employ it in any collateral matter to defeat the purchaser's title." Freeman on Cotenancy and Partition, sec. 548. Formerly a purchaser at a judicial sale was charged with notice of every reversible error in the proceedings leading up to the sale and if the decree of sale was reversd his title was lost. This holding made the title of purchasers at judicial sales so uncertain that few persons had the temerity to risk the investment of money in such sales and it had a marked tendency to cut off bidders and prevent property from bringing anything like its true value. This became unbearable and hence the statute, first enacted by the mother state, and afterwards incorporated in sec. 8, ch. 132 of our Code. But it is insisted that Naomi Hogan Vanpelt was a party to this suit and for that reason is not protected by this section of the Code. It does not follow that every purchaser who is a party to the suit is not so protected. If she moved the error she could not take advantage of her own act. If she had any interest in the proceeds of the sale, and caused the sale to be made, she would not be protected. But she did not have such interest and she did not move for the sale. The proceeds went to the heirs, not one penny to her. It is true that in her answer she suggested that it would be better to have a sale of the "mountain place" of 393 acres, but she made no suggestion and was silent as to what should be done with the interests of the heirs in the "home place." The distinction between the status of purchasers who are parties to a suit is made in *Childers* v. *Loudin,* 51 W. Va. at p. 568. That was a partition suit and Johnson, one of the co-tenants purchased the land at a judicial sale and Judge POFFENBARGER said: "While Johnson, the purchaser, is a party to the suit, it does not appear that he, in any way, encouraged or sought to bring about the sale of the land, and it cannot be said that he was the moving cause of the sale. The sale is not more beneficial to him than to his co-tenants and he does not stand in the situation of a creditor who has caused the land to be sold for the satisfaction of his debt and purchased it at the sale. Although a defendant and one of the owners, he did not even file an answer in the partition suit. This being true, the principle announced in *Martin* v. *Smith,* 25 W. Va.

585; *Dunfee* v. *Childs,* 45 W. Va. 155; *Buchanon* v. *Clark,* 10 Grat. 164; *Galpin* v. *Page,* 18 Wall. 350, does not apply. In all those cases the purchasers, whose titles were held not to be within the protection of the statute, were persons who were benefitted by the erroneous decrees and who had been instrumental in procuring the sale. In *Dunfee* v. *Childs,* it is said: 'Merely being a party would not alone disturb his purchase, but, if the decree goes to his benefit, it is otherwise. The same reason does not exist for protecting him as an innocent third person. He moves the proceeding'." George W. Hogan would also be protected by section 8 of ch. 132, Code, although he was a party to this suit, for, before the decree of sale of the "home place" was entered, it had been determined by decree that he had received his patrimony from his father in his father's life time and had no interest whatever in the partition of the land or distribution of the personal property, and he and one other of the heirs was dismissed from the suit. Moreover, it must be remembered that he did not purchase at the judicial sale, but took his title from Naomi Hogan Vanpelt several years after the judicial sale. We sustain the title of Naomi Hogan Vanpelt to the "home place" and it necessarily follows that the deeds from her to Spencer Hamrick, George W. Hogan, John A Innes and his vendee, West Va. Pulp and Paper Co., must also be sustained.

We therefore reverse the decree of the Circuit Court of Randolph County, entered on the 7th of November, 1919, and dismiss the plaintiff's bill.

*Reversed and bill dismissed.*