## CHALRESTON.

EAGLE LAND COMPANY v. JAMES C. JARRELL *et al.*

Submitted May 15, 1923.    Decided October 9, 1923.

1. SPECIFIC PERFORMANCE—*May be Denied Defendant Seeking Remedy by Cross Bill, Who Incapacitates Himself to Perform.*

     Where in a suit for partition of land one of the defendants answers and also files a cross-bill seeking specific performance

of an alleged contract with the plaintiff for a sale and purchase of plaintiff's interest in the land, which is demurred to by plaintiff, but the demurrer not passed upon, and it is shown that the plaintiff in the cross-bill has in the meantime sold and conveyed out of the tract two lots, one to an infant son and the other to an adult son, and a right of way through the land for a railroad has been condemned, the damages paid into court and his part thereof likely paid out to creditors, and he has in other ways incapacitated himself from performing the contract on his part, and it appears that his cross-bill has been practically abandoned, specific performance may rightfully be denied him.   (p. 572).

2. APPEAL AND ERROR—*Party Cannot Complain of Decree Entered Before Cause Fully Matured Against Other Parties, Unless Prejudiced.*

Unless prejudiced thereby a party to a suit can not be heard to complain of a decree entered before the cause has been fully matured at rules against some one or more of the other parties thereto.   (p. 572).

3. REFERENCE—*Where Report of Commissioner Unchallenged, Party Affected will be Deemed to Have Acquiesced.*

Where the report of a commissioner to whom a cause has been referred goes unchallenged as to any fact or omission in his report, the party claiming to be affected thereby will be deemed to have acquiesced therein.   (p. 573).

4. PARTITION—*Sale not Ordered Without Affirmative Showing That Land Cannot be Partitioned in Kind; Commissioner's Report that Sale is Necessary is Not Alone Sufficient to Support Order.*

In a suit for partition of land, before there can be a decree of sale thereof, especially where the rights of infants are involved, there can properly be no sale of the land decreed without an affirmative showing not only that the land is not susceptible of partition in kind, but also that the interests of all parties will be promoted by a sale thereof and division of the proceeds; and the report of commissioners in such a suit that in their opinion the only equitable way said property can be divided is by a sale and division of the proceeds, without more in the record, will not satisfy the requirement that the interests of all parties will be promoted by such sale.   (p. 574).

Appeal from Circuit Court, Raleigh County.

Suit by the Eagle Land Company against James C. Jarrell and others.   From a decree for plaintiff, defendants appeal.

*Reversed and remanded.*

*A. P. Farley* and *Ashton File,* for appellants.

*Bumgardner & Preston,* and *Brown, Jackson & Knight* and *Angus MacDonald,* for appellee.

MILLER, PRESIDENT:

We are called upon in this suit for the partition of land, to reverse for alleged errors therein several decrees of the circuit court pronounced therein because prejudicial to the rights of the four defendants and appellants, namely, James C. Jarrell, Zella Jarrell, Boyd C. Jarrell, and Anderson Jarrell. The first two named were made defendants to the original bill, filed June 6, 1921; the last two, being sons of the first two, were brought in and made defendants by an amended bill filed November —, 1921, after commissioners to partition the property had been appointed and had made their report, and which had been excepted to by the defendant James C. Jarrell alone.

At the time the order appointing the commissioners was made, on August 24, 1921, the defendants to the original bill had not answered, and as to them the bill stood taken for confessed. The commissioners reported September 22, 1921, that in their opinion it was not practicable or possible to divide the land sought to have partitioned, with due regard to quantity, quality and value, for the reason that a part of the property had improvements thereon, and that part of it was bottom land and the remainder hill land. They further reported that in their judgment the only equitable way said property could be divided was by a sale and division of the proceeds; and finally they reported their appraisement of the property at $5,000.00. On this report James C. Jarrell indorsed three exceptions, namely: (a) that the land was susceptible of partition, either for building purposes or for truck farms; (b) that he had had no notice of the time and place the commissioners would go upon the land to make their investigation as to whether the same was susceptible of partition; and (c) that he had had no notice of the filing of said report until long after it had been made and filed.

Before these exceptions were considered or passed upon the plaintiff had presented and filed its amended bill, and the

guardian ad litem for Boyd C. Jarrell, an infant, appointed December 6, 1921, had answered, and the defendant James C. Jarrell had on December 10, 1921, filed his answer and cross-bill to the original and amended bills of complaint. In the original bill plaintiff had charged as grounds for relief, that it was advised and believed that the land owned jointly by it and the defendants was susceptible of partition among the parties, but that if it could not be so divided, it desired that the land be sold and the proceeds be divided among the parties according to their respective rights, one-third thereof to plaintiff, and two-thirds thereof to the said James C. Jarrell. And the bill further alleged that should said property not be divisible in kind, plaintiff *believed* and *there stated*, that the interest of the parties entitled thereto would be promoted by a sale of the whole of the same which might remain after the right of way was taken by the Chesapeake and Ohio Railway Company in condemnation proceedings. In its amended bill, which made the original a part thereof, plaintiff referred to the report of the commissioners theretofore filed, and alleged that they had reported that said land not susceptible of partition in kind "and that the only equitable way said property can be divided is by sale and division of the proceeds." The prayer of this bill is the same as that of the original, and for general relief.

The answer of the guardian ad litem for the infant defendant Boyd C. Jarrell is a formal one, simply alleging infancy and tender years, and praying that the court by reason thereof would not allow any decree which would prejudice his interest.

In the answer and cross-bill of the defendant James C. Jarrell, he denies that the two tracts of land, the one of five acres conveyed by him to the said infant defendant, and the tract of one-half acre more or less conveyed by him to said Anderson Jarrell, were any part of the tract of twenty acres sought to have partitioned, but that they and each of them laid wholly outside of said tract of twenty acres and within the boundary of an adjoining tract owned by him, and that they were never any part of the twenty acres. And referring to the report of the commissioners appointed to divide said land, respondent denied that it was not susceptible of par-

tition, but that on the contrary, it was susceptible of partition, especially for truck farming purposes; that it was rich and productive, and the whole thereof could be cultivated; and that it was situated between two coal mines, and was susceptible of being laid off into building lots, and being so situated between coal mines, good markets for the produce from truck farms would be furnished. Respondent alleged furthermore that he did not want his two-thirds interest in the land sold, but desired that it be laid off and divided in kind according to quantity and quality, as equity requires; that he owned adjoining land valuable for farming purposes; and that if the twenty acres should be sold, he would be deprived of ingress and egress to and from his other land.

By way of matter for the cross-relief prayed for, respondent alleged that on March 21, 1919, which time it will be observed was nearly two years before the filing of the original bill, he and the plaintiff company entered into a written contract, whereby plaintiff agreed that if Jarrell would convey to the Chesapeake and Ohio Railway Company a right of way of sixty feet through said land, plaintiff would convey its one-third interest in said land to him, a copy of which contract purported to be, but was not filed with the answer; that he had always been willing and was still willing to convey said right of way, subsequently condemned by it, to said company, whenever the plaintiff would convey its one-third interest in said land to him; that in said condemnation proceeding there was awarded to plaintiff and others $1,500.00 as damages, of which $1,000.00 would belong to this respondent, and that he was then ready and willing to direct the general receiver of the court to pay to plaintiff the said $1,000.00, and that if there had been paid out any of said money under the order of the court by reason of any suit against him and others, he was now ready and willing to make good all such payments to the omount of $1,000.00, if found by the commissioner to be a just compensation for the land taken for railroad purposes; and he prayed for specific execution of said contract; and his further prayer was that the report of the commissioners respecting the partition of said land be set aside, and that plaintiff be required to make, execute and deliver to him an apt and proper deed for its one-third interest in said land,

upon his making and delivering a proper deed to said railway company for said right of way.

On the same day the answer and cross-bill was tendered, the cause was brought on to be heard on the report of said commissioners appointed to partition the land with the exceptions endorsed thereon by said Jarrell, and the order of the court then entered shows that said answer and cross-bill was ordered to be filed, and that plaintiff demurred thereto and replied generally to so much thereof as might be taken and treated as an answer to its bills; and the court took time to consider said demurrer and the exceptions of said Jarrell to the report of the commissioners.

On December 8, 1921, two days before Jarrell filed his answer and cross-bill, the order of that day shows that the court was of opinion that before any sale or partition of the land in kind could be made, it was necessary that the respective interests of the several defendants therein should be ascertained, fixed and adjudicated, and upon motion of the plaintiff, consented to by James C. Jarrell, it was ordered that the cause be referred to George F. Wilson for the purpose of surveying and locating the lots conveyed by said Jarrell to his two sons; and said Wilson was ordered to go upon the land and survey out and locate said two lots and do such surveying in connection therewith as any of the parties in interest might require, and that he should give notice to the parties in writing of the time and place he would begin the work, and that he should make report to the court thereon at the next term thereof.

The record shows that Wilson, the surveyor, made his report March 2, 1922, showing, contrary to the representation of said Jarrell in his answer and cross-bill and contrary to his sworn testimony in the cause, that both lots so conveyed to his said sons were within the twenty acres being proceeded against for partition, and showing by his report and accompanying maps the boundaries thereof as located by him. The only exceptions to this report were endorsed thereon by said Jarrell, in substance as follows: First, that it was not filed until March 2, 1922; second, that it does not show how much money would go to each of the defendants, and that the report should be recommitted to the commissioners for that

purpose; third, that he objected to a sale of said property pending the suit of Rowland Land Company against him to try the title to the land.

On the day this report was filed, the decree of the court then entered was that plaintiff was entitled to one-third undivided interest in said land, and that the defendants James C. Jarrell, Boyd C. Jarrell and Anderson Jarrell were together entitled to a two-thirds interest therein; that the exceptions of the said James C. Jarrell to the report of the commissioners appointed to partition the land be overruled. And upon the report of said commissioners the court found and decreed that said land was not susceptible of partition in kind, and thereby adjudged and decreed that A. D. Preston, thereby appointed a special commissioner for that purpose, should proceed to sell the same upon the terms therein specified and report his proceeding at the next term of the court. On the following day an order was entered in the cause permitting Jarrell to file his exceptions to the report of survey by said Wilson, overruling the same, and again confirming the report. The defendant Jarrell gave notice of his purpose to apply for an appeal from this decree, and a stay of thirty days was given him for that purpose.

On May 20, 1922, Commissioner Preston reported that on May 15, 1922, he had made sale of said land as directed, and that the defendant James C. Jarrell had become the purchaser at the price of $6,000.00; that Jarrell then represented that he would comply with the terms of the sale by paying $3,000.00 on that day, and would complete the sale, but that he had utterly failed to pay any part of the purchase money until May 20th, when he paid him $1,200.00, but had executed no note for the balance, nor made any arrangements to do so; and that on account of the fact that the infant defendant Boyd C. Jarrell and the defendant Anderson Jarrell were largely interested in the land, the commissioner reported that he was unable to recommend that the sale be confirmed unless the terms thereof should be complied with. Whereupon the court on the same day rejected the bid of said Jarrell, set aside the sale, and ordered the commissioner to repay Jarrell the $1,200.00 paid him, and directed the sale to be continued until the further order of the court; and upon the

motion of Jarrell the court in the same order again referred
the cause to said Wilson, with direction to ascertain and re-
port what proportionate interest in said land was owned by
each of the defendants, James C. Jarrell, Boyd C. Jarrell and
Anderson Jarrell, and what proportion of the proceeds of
the sale should be paid to each, and that he should also re-
port what sum, if any, was due from James C. Jarrell to the
other parties to the suit for the use and occupation of the
land.

Wilson, the surveyor and commissioner, after taking some
considerable evidence, subsequently reported that defendant
James C. Jarrell was the owner of 546/1080 of said tract,
Boyd C. Jarrell 165/1080 thereof, and Anderson Jarrell
9/1080 thereof, and that the said James C. Jarrell should
receive 1089/3000 part of the proceeds of the sale thereof,
Boyd C. Jarrell 896/3000 and Anderson Jarrell 15/3000 there-
of.   On this report James C. Jarrell endorsed exceptions as
follows: First, because all the proceedings had in the cause
in relation to the sale of the land since the report of the
commissioners that said land was not susceptible of parti-
tion, and confirming the same, and the order directing said
land to be sold were void; second, that the said report does
not show that said Wilson went upon the land and actually
made a survey of the land in controversy; and, third, that
said report is void because no sale of the land could be decreed
at the then stage of the proceedings.

On September 5, 1922, the cause was again brought on for
hearing on the prior proceedings and on the report of Com-
missioner Wilson and upon the exceptions of James C. Jar-
rell thereto; when the court confirmed said report, and in
accordance therewith adjudged that plaintiff was entitled to
one-third of the proceeds of the sale of said land, the defend-
ant James C. Jarrell to 1089/3000 thereof, the said Boyd C.
Jarrell to 896/3000 thereof, and the defendant Anderson Jar-
rell to 15/3000 thereof, after payment of the costs and ex-
penses of the sale.   And the court's further decree was that
A. D. Preston, the commissioner theretofore appointed, should
proceed to advertise and sell said land, deducting however
therefrom the right of way therefore acquired by the Chesa-

peake and Ohio Railway Company, as described in the decree, and upon the terms set out therein.

It is from the several decrees aforesaid that the present appeal is being prosecuted. It is apparent from the recital of the proceedings that defendant James C. Jarrell has pursued a very tortuous course and taken numerous inconsistent positions in the progress of the cause. Of the several grounds of error assigned, the first is that the court erred in not decreeing specific performance of the alleged contract between plaintiff and James C. Jarrell, as prayed for in the said answer and cross-bill. The cross-bill, though filed after the amended bill bringing in the new parties, did not make them parties thereto, nor pray for process against any of the parties to the suit. It was demurred to by plaintiff, but the demurrer was never acted upon. The contract, though purporting to be, was not exhibited with the cross-bill, and no proof was taken thereon. Evidently, if there was such a contract, its terms are not very definitely pleaded; and manifestly Jarrell had not complied therewith for the railroad company afterwards acquired by condemnation a right of way through the land and paid into court the damages awarded. Besides, Jarrell had previously conveyed parts of the land to his sons, one an infant, the other an adult, and could not and had not, up to the time of such condemnation proceedings and up to the time he filed his cross-bill, tendered any deed to plaintiff or the railway company for such right of way; and we may infer from his answer that out of the damages paid into court by the railway company, much, if not all, of his share of the damages had been paid out to his creditors; so that owing to the interests outstanding and the lack of pleading and process on his cross-bill, no decree could have been pronounced thereon in his favor. Besides, the record manifests an abandonment of such cross-bill. True, it was not answered by plaintiff, but evidently because of the abandonment and want of equity apparent. Jarrell's subsequent proceedings and conduct were wholly inconsistent with any intention on his part to prosecute his cross-bill.

The second and third grounds of error are: (a) the decreeing of partition and the appointing of commissioners therefor without the presence of all parties in interest; (b) the ab-

sence of the defendants Boyd C. and Anderson Jarrell at the time of appointing said commissioners. These propositions are substantially one and the same. So far as James C. Jarrell is concerned, he had insisted in his answer, as well as in his testimony taken in the cause, that the lots conveyed by him to his two sons were not in fact within the boundaries of the twenty acre tract, and that the sons were not proper parties to the suit; and the record now shows that Anderson Jarrell, before the last decree of sale complained of was pronounced, had reconveyed to his father the lot conveyed to him. But whether the two lots so conveyed by Jarrell to his sons are within the twenty acres or not, neither he nor his sons have been in any way prejudiced by the decrees complained of because of the absence or want of maturity of the suit against the sons at the time of the decree appointing commissioners or the original decree of sale in the cause. All parties were before the court when the last decree was pronounced. The suit was then matured as against all parties except Boyd C. Jarrell, the infant, and as he had answered by his guardian ad litem, he could not have been prejudiced because the suit had not been matured at rules against him. Unless prejudiced thereby a party can not complain of a decree entered before the cause had been fully matured at rules as to all parties. *McDermitt* v. *Newman*, 64 W. Va. 195. The same reply may properly be made as to appellants' fourth assignment of error, namely, that the case had not been properly matured on the amended bill as against all parties at the time of the final decree of sale.

The fifth point of error, that the court failed to ascertain and decree the value of the alleged improvements placed by James C. Jarrell on the land owned by his son Boyd C. Jarrell, thereby enhancing the value of the land, for which compensation should have been awarded him in any decree of sale or partition. The record shows that before the last decree of sale was made, the cause was on motion of James C. Jarrell referred to a commissioner to report certain facts, and that the commissioner's report did not respond to every question submitted to him or required of him, and that he did not report the several interests of the parties in the land, and that although James C. Jarrell excepted to the report,

he interposed no exception thereto on ground that the value of the alleged improvements were not ascertained. No evidence was offered before the commissioner on that subject. When the report of a commissioner thus goes unchallenged as to any fact or omission in the report, the party affected will be deemed to have acquiesced therein. *Laidley* v. *Kline,* 8 W. Va. 218; *Poling* v. *Huffman,* 48 W. Va. 639; *Righter* v. *Riley,* 42 W. Va. 633.

The sixth and last assignment of error urged involves the three exceptions of the defendant James C. Jarrell to the report of the commissioners appointed to partition the land, and three additional reasons assigned for reversing the decree, all to the effect that the land was and is susceptible of partition, and that defendants had no notice of the time when the commissioners would go upon the land nor of the filing of the report until long after it was filed. So far as these assignments relate to the defendant James C. Jarrell, the record shows that he was present on the ground when the commissioners and the engineer were there. But as we view the case now presented all questions covering this point of error are unimportant, for our conclusion is, for the reasons about to be stated, that the decree of sale and partition must be reversed and the cause remanded, for want of jurisdiction shown in the record justifying a sale of the land as decreed by the court. Partition may be compelled between cotenants, if susceptible of partition in kind, but a sale of the common property may not be decreed without an affirmative showing that the interests of the partitioners will be promoted thereby. In this case the original bill alleged that the land was susceptible of partition in kind, but alleged that if it was not so susceptible, then the plaintiff desired that it be sold and the proceeds divided, and that if the same could not be divided in kind, then plaintiff *believed* the interests of the parties would be promoted by a sale and division of the proceeds. The commissioners prematurely appointed before the new de-defendants were brought in by the amended bill, reported that in their opinion it was not practical or possible to divide the property "with due regard to quality, quantity and value, for the reason that a part of the property has improvements on it, part is bottom land and part hill land," and that "in

our opinion the only equitable way said property can be divided is by sale and division of the proceeds.'' No evidence was taken by the commissioners on the question of the propriety of a sale, nor was any produced by the parties. In the amended bill, filed after this report, and the exceptions thereto, it is alleged, contrary to the allegations of the original bill, (neither bill being sworn to), ''that said real estate is not susceptible to partition in kind, and the only equitable way said property can be divided, is by sale and division of the proceeds.'' In his answer to the original and amended bills, sworn to, defendant James C. Jarrell denies that said land is not susceptible of partition in kind, but that on the contrary it is partitionable, and that it is valuable for building sites, and assigns certain reasons therefor. As to the infant defendant, the answer of the guardian ad litem, though formal, puts in issue every material allegation of the bills, for against an infant nothing can be taken for confessed. The court will see to it that every fact necessary to justify a decree against him is made to appear affirmatively. It is said in justification of the decrees that the commissioners went upon the ground and reported that the land was not susceptible of partition in kind; but this is not sufficient to justify a decree of sale. To authorize a sale it must appear affirmatively by proof or admissions that the interests of the cotenants will be promoted by a sale and division of the proceeds of sale. These two facts must be shown. *Loudin* v. *Cunningham,* 82 W. Va. 453; *Hogan* v. *Ward,* 87 W. Va. 682. These decisions, we think, are conclusive of the proposition that it must affirmatively appear, not only that the land sought to have partitioned is not susceptible of partition in kind, but also that the interests of the cotenants will be promoted by a sale thereof. The commissioners reported, it is true, that the only way the land could be equitably divided was by such sale. But is this sufficient evidence of the fact that the interests of the parties concerned would be promoted by a sale of the property? We think not. It might be that partition could only be made by such sale, but that is not enough to justify a sale. It must be shown, considering all the conditions present and prospective, that the interests of the parties will be promoted by such sale.

In our opinion the decrees complained of must be reversed with costs, and the cause remanded.

*Reversed and remanded.*