MERTIE HALE *v.* REUBEN THACKER

(No. 8766)

Submitted October 22, 1940.  Decided December 10, 1940.

*Daugherty & Daugherty* and *Fisher F. Scaggs,* for appellant.

*W. Earl Burgess,* for appellee.

FOX, JUDGE:

The appellant, Mertie Hale, and the appellee, Reuben Thacker, are the joint owners of a tract of 113 acres of land in Wayne County, inherited from their brother, John Thacker. Various matters relating to the rents and profits of the land in question were involved in the court below, but the question here is limited to the legality of the court's decree providing for sale of the land and division of the proceeds thereof, rather than its partition in kind.

The decree of the court below directed a sale of the land and a division of the proceeds thereof equally between the owners. This decree was entered upon the report of commissioners appointed to make partition, the pertinent provisions of which report are as follows:

> "We went upon the lands described in said cause as 113 acres of which John Thacker died seized; and after viewing said land, and taking into consideration the kind of land, its present condition, together with its location being in a rural section; we are of opinion that the parties in said cause would be best served by selling said land as a whole, for cash in hand.
> "We therefore recommend that the said land be sold at public auction, and the proceeds divided between the plaintiff and defendant, in said cause, according to their respective rights and interest therein."

There were no exceptions to this report, and the appellant, for the first time, and in this Court, contends that it furnishes insufficient grounds for the sale of said land, and that her share thereof should have been set aside and decreed to her in kind.

At common law, the owner of an interest in land was always entitled to have his share therein decreed to him in kind. *Roberts* v. *Coleman,* 37 W. Va. 143, 16 S. E. 482. The Virginia Code of 1849 first contained the provision that where land could not be conveniently partitioned, a sale thereof could, under certain circumstances, be made. The same general provision now appears in Code, 37-4-3, and governs the case at bar. The exact wording of the statute is:

> "* * * In any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interests of the other persons so entitled will not be prejudiced thereby, the court * * * may order such sale * * *."

According to the interpretation placed thereon by this Court, a sale can only be decreed where partition in kind cannot be conveniently made, and the interests of the co-owners will be promoted by a sale. *Bracken* v. *Everett,* 95 W. Va. 550, 121 S. E. 713. These showings must affirmatively appear from the record. *Eagle Land Co.* v. *Jarrell,* 94 W. Va. 564, 119 S. E. 556; *McDonald* v. *Bennett,* 108 W. Va. 665, 152 S. E. 533; *Garlow* v. *Murphy,* 111 W. Va. 611, 163 S. E. 436. Being in derogation of the common law, the statutory provision must be strictly construed, and the interpretation given the statute, as noted above, has long been followed by our decisions. *Casto* v. *Kintzel,* 27 W. Va. 750; *Roberts* v. *Coleman, supra; Stewart* v. *Tennant,* 52 W. Va. 559, 44 S. E. 223; *Croston* v. *Male,* 56 W. Va. 205, 49 S. E. 136, 107 Am. St. Rep. 918; *Herold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466; *Smith* v. *Greene,* 76 W. Va. 276, 85 S. E. 537; *Garlow* v. *Murphy, supra.*

Tested by this statement of the law, the record falls far short of a showing which justifies a sale of the land in question. The decree is based solely on the report of the commissioners, and that report does not state that partition in kind cannot be conveniently made, and ordinarily there would be no practical obstacle to the partition of a tract of 113 acres of land. The report does say that, in the opinion of the commissioners, "the parties in said cause would be best served by selling said land as a whole, for cash in hand", which may be another way of saying that the interest of the co-owners would be promoted by sale. But the owner of a share in land which can be conveniently partitioned has the right to be the judge of his own interest, and he has the right to insist upon his common law right to partition in kind, so long as that right is not exercised in such a way as to unduly prejudice the rights of his co-owners. It is well known that many considerations, other than monetary, attach to the ownership of land, and courts should be, and always have been, slow to take away from owners of real estate their common law right to have the same set aside to them in kind.

We are not unmindful of the general rule that "where the report of a commissioner to whom a cause has been referred goes unchallenged as to any fact or omission in his report, the party claiming to be affected thereby will be deemed to have acquiesced therein." *Eagle Land Co. v. Jarrell, supra.* We see no reason why this rule should not, ordinarily, apply to the report of commissioners in a suit to partition land, where the question is one bearing on the equality of the assignment or some matter of procedure is involved. In *Beckham v. Duncan,* 1 Va. Dec. 669, 5 S. E. 690, in which a partition of land was involved, it was held that "The appellate court will disregard all errors in a commissioner's report not excepted to in the court below." However, this Court has consistently and decisively held from the earliest date to the present, that land can only be sold in lieu of partition where there has been an affirmative showing that the same cannot be conveniently partitioned, and that the interest of the co-owners will be promoted by sale. This would seem to require the further holding that the question of the failure to establish such a showing may be raised for the first time in this Court. While such a showing cannot be considered as essential to jurisdiction, for the reason that in *Hogan v. Ward,* 87 W. Va. 682, 106 S. E. 232, a decree entered without such a showing was held to be erroneous and not void, the right of partition of land in kind being of such a fundamental nature, we are of the opinion that it should only be taken away through a strict adherence to the terms of the statute which provides for a sale in lieu thereof, and is not lost by the mere failure to except to the report of the commissioner recommending a sale. This is true even where, as in this case, the appellant in her bill asked for a sale in the event the land involved should be found not susceptible of partition. The rule which requires exceptions to be made in the trial court grows out of deference to that court, as well as the desire to narrow issues in the appellate court. These considerations, we think, should give way where the main-

tenance of a fundamental rule of law affecting the ownership of real property is involved.

The decree of the Circuit Court of Wayne County, in so far as it directs the sale of the land involved, is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*