# CHARLESTON.

BRAGG *et al. v.* UNITED THACKER COAL CO. *et al.*

Submitted February 8, 1911.   Decided April 16, 1912.

1.  EQUITY—*Defect of Parties—Dismissal of Suit.*
    If a plaintiff in a suit in equity will not bring in necessary parties by proper amendment and process, within a reasonable time after being ordered to do so, it is proper to dismiss his suit. (p. 657).

2.  SAME—*Necessary Parties.*
    In a suit asserting equitable title to land and seeking to obtain the legal title thereto, the plaintiff must amend his bill and bring before the court the holder of the legal title when it is shown that the legal title is outstanding in a person other than the one originally proceeded against as holding the same. (p. 657).

3.  SAME—*Additional Parties.*
    Whenever during the progress of an equity suit it appears in
                    70 W. Va.

any way that persons not parties to the cause are materially interested in the subject involved, or have rights that will be affected by the decree sought, they must be made parties by proper amendment and process.   (p. 660).

Appeal from Circuit Court, Mingo County.

Bill by Burman Bragg and others against the United Thacker Coal Company and others.   Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*Stokes & Bronson,* for appellants.

*Edward C. Lyon, Sheppard, Goodykoontz & Scherr,* and *Campbell, Brown & Davis,* for appellee United Thacker Coal Co.

Robinson, Judge:

The legal title to a tract of land equitably belonging to F. G. Bragg was held by David Bragg.   The latter, regardless of the equitable interest of F. G. Bragg, conveyed the tract to Hatfield, who conveyed the same to Phillips, trustee.   By subsequent conveyances the legal title was passed to the United Thacker Coal Company.   F. G. Bragg thereafter transferred his equitable interest in the land to the plaintiffs in this suit.   By the bill and amended bill exhibited against the United Thacker Coal Company and others, plaintiffs seek to obtain the legal title to the land.   They charge that Hatfield and the subsequent grantees of the land took the legal title with full knowledge that F. G. Bragg was the real owner of the property.   They specifically charge that the United Thacker Coal Company holds the legal title to the property, which in equity belongs to them.   In the original bill, plaintiffs pray that the conveyances to Hatfield and the subsequent alienees be set aside, annulled, and removed, and that the United Thacker Coal Company be enjoined and restrained from interfering with the plaintiffs in the peaceable enjoyment of the land.   In the amended bill plaintiffs pray that the United Thacker Coal Company be made to convey the legal title of the land to them.   That company had mortgaged the property, by a conveyance to the United States Mortgage and Trust Company, trustee, to secure the payment of a large issue of bonds.   But the trustee in the mortgage, and the beneficiaries

thereunder, were not made parties to the cause by either of the bills, though the mortgage had been duly executed and recorded, plainly covering the land, at the time of the institution of the suit. Nor was the existence of this mortgage conveyance mentioned by plaintiffs in their suit.

The answers of the United Thacker Coal Company denied all the material allegations of the bills and asserted that it was the legal owner of the land by virtue of the conveyances which led from David Bragg to it. Before the cause had been finally heard, the trustee in the mortgage filed its petition, asserting that it held the legal title to the land, exhibiting the mortgage, and praying that it and the bondholders be made parties defendant. Plaintiffs were thereupon ordered to amend their bill of complaint by making the trustee and bondholders parties, and the cause was remanded to rules for that purpose, with the direction that if the names of the holders of the bonds were unknown to plaintiffs they might proceed against them as unknown parties. At a later term, the bill not having been amended as ordered, the cause was reinstated on the docket and a motion was made by the United Thacker Coal Company to dismiss it for the failure to amend. Plaintiffs moved to submit the cause without the amendment that had been ordered, and declined to make any amendment whatsoever. But the court refused to hear the cause without compliance with the order for amendment, and, wholly on the ground of the refusal to amend, dismissed the cause. From the decree of dismissal, plaintiffs have appealed.

If the trustee in the mortgage and the bondholders are necessary parties to the suit, the dismissal is right. A court can not hear a cause in the absence of necessary parties. If a plaintiff will not bring in necessary parties by proper amendment and process, within reasonable time after being ordered by the court to do so, it is proper to dismiss his suit. What other course can be pursued when a plaintiff unreasonably refuses to do that which equity and proper procedure require? Must the court, notwithstanding disobedience to its proper order, hear the cause in an imperfect shape? Must it do injustice by improper procedure simply because the plaintiff will not pursue the course which the rules and practice of equity require?

Surely, the holder of the legal title to land should be made a

party defendant in a suit by which the plaintiff calls for the legal title to be given over to him. When the object of the suit is none other than to obtain an outstanding legal title, as in the case before us, there can be no complete and satisfactory end to the litigation unless the holder of the legal title is before the court. The very object of the suit can not be attained without the presence of that holder. Without him a decree in relation to the legal title would be abortive. Now, the case at hand seeks nothing but the bringing to plaintiffs of the legal title, which they say belongs to them. They say that the United Thacker Coal Company holds a legal title which belongs to them, and they demand nothing by their suit but that this legal title be set over to them by decree and that they be protected therein. How is the plainly expressed object of their suit to be attained unless the holder of the legal title is brought before the court? The mere fact that the answer of the United Thacker Coal Company admits that it holds the legal title will not excuse plaintiffs from bringing in the trustee as a party when that trustee comes by petition and shows that it has the legal title and that the admission in the answer can not be true. When the case is changed by the filing of the petition, when the fact is clearly shown that the thing sought by the suit is not held by any party before the court, the court can do nothing but direct an amendment in furtherance of the object of the cause. It will not heedlessly go on to do a vain thing—to direct a transfer of the legal title by a corporation which does not have it. Plaintiffs must amend their suit when it has been made to appear that the coal company can not give what they are demanding from that company. If they desire to continue their demand for the legal title, they must amend their bill and bring before the court the party from which it can be obtained. They can not go on against the coal company, seeking the legal title, for the fact has been made to appear that the coal company has only the mere equity of redemption in the land. If plaintiffs would go on only against the coal company, deeming that they can not make a case against the trustee that will take the legal title from it, then they must amend their suit so as to seek from the coal company the equity of redemption only and not the legal title. But for the mere equity of redemption they have never asked. Nor have they

said that they desire any decree in relation to it. They insist on a decree for the legal title against the coal company only, in the face of the fact that the legal title is claimed by another corporation and is conclusively shown by the mortgage to be vested in it. As long as they continue the demand for the legal title, they can not proceed until they amend their bill and bring in the party from which it can be obtained.

The subject of this suit is the legal title to land. The decree sought by the pleadings on behalf of plaintiffs is one pertaining solely to this subject. It is proposed to affect that legal title by a decree. Therefore, all parties interested in the legal title sought to be affected are entitled to be made parties to the cause. "It is a general rule in equity that all persons interested in the subject matter of the bill, and which is involved in and to be affected by the proceedings and result of the suit, should be made parties, however numerous they may be." 1 Barton's Ch. Pr., sec. 35. Clearly, the trustee and the bondholders are interested in the legal title that is to be affected by the proceedings and result of this suit. It is not enough to say that a decree against the coal company for the legal title can not affect the legal title held by the trustee when that party is not before the court. For, it is the same legal title; there can be but one legal title to land. It is the business of equity to deal completely and justly with that title, if at all. Equity will not untruthfully deal with that title as belonging to one party when it knows the title belongs to another. Equity will not thus leave the way open for another suit to involve the same subject, when it can fully settle in the pending suit the claims of that other party. "It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. For this purpose all persons materially interested in the subject ought to be parties to the suit, plaintiffs or defendants, however numerous they may be, so that a complete decree may be made between those parties." 4 Minor's Inst. (3rd. ed.) 1396. The decree sought by the plaintiffs, one ordering the coal company to make over a title does not hold, would be anything but a complete de-

cree as to the subject of the suit, and would merely invite further litigation to obtain the same legal title from the trustee. Equity does not proceed so disjointedly and unsatisfactorily. It settles things. It brings in and deals with all parties that are necessary to a complete determination of the subject of the suit.

The trustee and bondholders have a plain interest in the subject matter of this suit; surely, that proposition can not be gainsaid. Their rights would be materially affected by such a decree as plaintiffs insistently call for in their pleadings. Deeds underlying the legal title held by the trustee would be annulled and removed, and the legal title would be decreed to be in plaintiffs, though the trustee rightly holds it. All this would be done to the beclouding of the rights of the trustee, in its absence, notwithstanding it clamors for admission to the cause so that it may sustain the title it holds and secure the regularity and completeness which equity so willingly accords. The trustee has the right to be heard. The order directing the amendment so as to secure a proper determination of the suit was rightly made, and should have been promptly complied with by plaintiffs. "When, in any way, it appears in a suit in equity that any person, not a party, has a subsisting interest in the subject-matter of the suit and whose rights will be affected by a final decree therein, such party should be brought in by amended bill and proper process before final decree." *Rexroad* v. *Raines*, 63 W. Va. 511.

An order affirming the decree of dismissal will be entered.

*Affirmed.*

BRANNON, PRESIDENT, (*dissenting*):

I cannot agree to the dismissal of the suit for omission to make the trustee and bondholders parties. If the proposal of the suit were to sell the property, it would be different, as the legal title must be in the hands of the court, or in any case where that should be requisite. There is no reason for it in this case. No relief was asked against the trustee or bondholders. No harm to their interest was asked. The bill said that the coal company held legal title; the answer admits it; but though that was true, the plaintiff had right to have such title as was in the company conveyed to it, the equitable title, the equity of re-

demption.   The decree for that right would be subject to the
superior right of the mortgage.   The trustee was not a party.
The decree would not affect that trustee.   Its rights would be
open, a matter between it and the plaintiff.   The plaintiff sought
no litigation with the trustee company.   Suppose the trustee
and bondholders had been made parties.   What would have been
the decree?  Only that the company convey, its equity of re-
demption, such title as it had, to the plaintiff subject to the mort-
gage.   Though a party sell land by executory contract, then
give a deed of trust to secure a debt, without notice to the trus-
tee or creditor, cannot the purchaser sue his vendor to get his
equity of redemption?  Such right as he has, subject to the trust?
The land may be redeemed from the trust by payment.   This
indicates the basis of my dissent.   I cannot elaborate, nor is it
necessary.   Judge WILLIAMS joins me in dissent.