*Affirmed.*

---

# CHARLESTON.

ED. MOORE, JR. *v.* W. A. BOLEN *et al.*

and

AMERICAN IRON & SUPPLY Co. *v.* W. A. BOLEN *et al.*

Submitted September 22, 1920.   Decided October 5, 1920.

APPEAL AND ERROR—*Cause Reversed and Remanded, That Proper Parties May Be Impleaded.*

Where a decree has been pronounced in a cause without the necessary parties before the court, it will be reversed here on appeal, and remanded that the proper parties may be impleaded.

(WILLIAMS, PRESIDENT, absent.)

Appeal from Circuit Court, Wetzel County.

Suit by Ed. Moore, Jr., against W. A. Bolen and others, to wind up the affairs of the Morgan Oil & Gas Company, a partnership, in which, after final decree of sale and confirmation of sale of the mining partnership's property to J. W. Jennings, and his sale to Joseph B. Jennings, the American Iron & Supply Company, a copartnership, intervened by petition and cross-bill to set aside all former decrees in the original suit and subject the property to the payment of its debts. From a decree canceling the sale or assignment by J. W. Jennings to Joseph B. Jennings, J. W. Jennings appeals.

*Reversed and remanded.*

*R. E. Bills* and *C. M. Hanna,* for appellant.
*Craig & Wells,* and *M. H. Willis,* for appellees.

MILLER, JUDGE:

The decree complained of by J. W. Jennings, appellant, was pronounced on the second day of August, 1919. The American Iron & Supply Company, a copartnership, a lien creditor of Ed. Moore, Jr., and of the Morgan Oil & Gas Company, a mining partnership, was not made a party to the original suit to wind up the affairs of said mining partnership and intervened by petition and cross bill after final decree of sale and confirmation of the property of said mining partnership to said J. W. Jennings and after sale and conveyance thereof by him to Joseph B. Jennings, the latter of whom was not made a party to this suit, seeking thereby to set aside all former decrees in the original suit and to subject said property to the payment of its debts.

The final decree now before us, in the absence of Joseph B. Jennings, among other things adjudges "that the agreement of sale and assignment made by J. W. Jennings to Joseph B. Jennings, dated August 28th, 1916, acknowledged before Robert R. Wilson on March 12th, 1917, and recorded in the office of the Clerk of the County Court of Wetzel County, in Miscellaneous Record No. 5, page 289, be and the same is hereby cancelled, set aside, annulled and held for naught in so far as

the rights of the creditors of said Morgan Oil & Gas Company are concerned."

As said suit by the American Iron & Supply Company was begun after the final decree of sale and confirmation of the property of the Morgan Oil & Gas Company to appellant J. W. Jennings in the original suit, and after adjournment of the court at which said final decrees were entered, and after the sale of said property by him to Joseph B. Jennings, the latter can not be regarded as a *pendente lite* purchaser and bound by said decrees.  As he was a necessary party and entitled to be heard and have his day in court on all matters involved therein, the final decree now before us was premature and erroneous. Recently we decided what many times before has been decided, that where a decree is entered without proper parties before the court, the same will be reversed and the cause remanded that proper parties may be impleaded.  *Maynard* v. *Shein,* 83 W. Va. 508.

It was urged in argument that only J. W. Jennings is appealing.  True, but he has an appealable interest in protecting the rights of his vendee and his own right and interest as vendor of the property.

The decree will therefore be reversed and the cause remanded, upon the principles of the case just cited.

*Reversed and remanded.*