# CHARLESTON.

GEORGE C. LONG *v*. GEORGIE PRITT *et als.*

Submitted October 17, 1922.    Decided October 24, 1922.

PARTIES—*All Persons Materially Interested in Subject-matter Should be Made Parties to the Suit.*

Generally, all persons who are materially interested in the subject-matter involved in a suit, and who will be affected by the result of the proceedings, should be made parties thereto, and when the attention of the court is called to the absence of any of such interested persons, it should see that they are made parties before entering a decree affecting their interests.

Appeal from Circuit Court, Randolph County.

Suit by George C. Long against Georgie Pritt and others, for partition of land. From the decree rendered plaintiff appeals.

*Reversed and remanded.*

*W. B. & E. L. Maxwell,* for appellant.

*Arnold & O'Connor* and *H. G. Kump,* for appellees.

MEREDITH, JUDGE:

In this suit plaintiff seeks partition of a tract of land of about 289 acres. The court entered a decree directing partition to be made, from which plaintiff appeals.

On January 15, 1885, Mary H. Ervin and husband conveyed to plaintiff George C. Long a tract of 385 acres, the deed therefor containing the following provision: "one-half of said land so conveyed to the said George C. Long in fee simple the other *halfe* of said land is secured to the heirs of George C. Long and Malisa Long's heirs they having a life estate in the half of said land secured to their heirs is not to be sold or rented subject to their life estate but they are to have the use and *controle* and the *proffits* of the same during their natural lives and then their heirs forever."

The main controversy arises out of the clause quoted from the deed. At the time this deed was executed, George C. Long and Malisa Long, his wife, had four living children, namely, Georgie Long, now Georgie Pritt, one of the defendants, Adam B. Long, another defendant, W. Jackson Long and Carl B. Long; they never had any other children. Carl B. Long died intestate about November 27, 1893, unmarried and without issue; Malisa Long, wife of the plaintiff, died about February 16, 1914, and W. Jackson Long died in February, 1919, without issue, leaving surviving him Evangeline Long, his widow, another defendant herein.

On January 19, 1889, George C. Long and Malisa Long, his wife, conveyed to J. P. Dick and R. W. Dick, in consideration of $480 a tract of 99 acres, more or less, described by metes and bounds, out of the 385 acres, with covenants of general warranty.

Malisa Long was the daughter of Benjamin Phares; by a codicil to his will probated September 21, 1885, he directed that his executors should purchase $2000 worth of land at such place as Malisa Long might select and cause the same to be conveyed to her for life with remainder in fee to her children; John R. Phares qualified as his sole executor.

On July 30, 1889, George C. Long, his wife not joining, executed a deed to John R. Phares, executor of Benjamin

Phares, deceased, conveying to him for the consideration of
$1285 all his right, title and interest in and to the 385 acre
tract, excepting, however, his interest in that portion thereof
theretofore conveyed to J. P. Dick and R. W. Dick, to-wit:
the 99 acre tract. This deed contained covenants of general
warranty. On the same day, John R. Phares, executor of
Benjamin Phares, deceased, with Nancy E. Phares, his wife,
conveyed to Malisa Long, as one of the legatees under the
Benjamin Phares will, the same land which that day was con-
veyed to him as such executor by George C. Long, and that
is the land which is now in controversy in this suit, and
which plaintiff seeks to have partitioned. It appears that this
deed also conveyed a small parcel of about three acres in
addition to the residue of the Ervin tract.

The defendants answered the bill and insist that in any
partition of the residue of the 385 acres, the 99 acre tract
conveyed to J. P. Dick and R. W. Dick should be taken into
consideration and that George C. Long should be charged
therewith. Neither J. P. Dick nor R. W. Dick were made
parties to the suit.

Under the circumtances we think that it is highly important
that the owners of the 99 acre tract should be made parties,
not only that their interests might be protected, but that
the interests of the present defendants be also properly pro-
tected. The owners of the 99-acre tract are materially in-
terested in the result of this suit, and no decree should be
entered in it affecting their interests in their absence. It is the
duty of the court when the absence of materially interested
parties is brought to its attention to require them to be made
parties. *Maynard* v. *Shein,* 83 W. Va. 508, 98 S. E. 618;
*Manufacturers Heat & Light Co.* v. *Lemasters,* 91 W. Va. 1,
112 S. E. 201. In the absence of these parties it would be im-
proper for this court to discuss their rights or interests, or
the rights of the parties now before the court in the matters
in controversy.

We will therefore reverse the decree of the circuit court,
direct that the owners or those interested in the 99-acre tract

be made parties and remand the cause for further proceedings.

                                    *Reversed and remanded.*