Statement.

# CRIMINAL CASES.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### JOHN T. CASEY v. COMMONWEALTH.

January 17, 1924.

Absent, Sims and Burks, JJ.

1. EVIDENCE—*Searches and Seizures—Admissibility of Evidence Illegally Obtained.*—Although a search and seizure is illegal, the information and evidence procured as the result thereof is admissible in evidence.

2. INTOXICATING LIQUORS—*Corpus Delicti—Proof that Liquor Found is Ardent Spirits.*—In the instant case, a prosecution for manufacturing ardent spirits, it was contended for accused that there was no proof of the *corpus delicti.* The officers making the arrest did not drink any of the liquor, and the only one who said he tasted it made the test by "tasting of it with his finger." The officer making return on the warrant described the liquor as peach brandy, whereas when he testified he said the liquor was whiskey. The Commonwealth proved that accused had admitted his guilt prior to trial and he made no attempt to disprove this admission.

    *Held:* That there was no merit in the assignment of error that there was no proof of the *corpus delicti.*

3. APPEAL AND ERROR—*Harmless Error—Instruction Assuming Guilt—Undisputed Evidence of Guilt.*—Where defendant's guilt was clearly proved without any contradiction or dispute on his part, and the jury fixed his punishment at the minimum provided by law for the offense, no other verdict than that of guilty could properly have been rendered against him, and an instruction assuming his guilt was harmless error.

Error to a judgment of the Circuit Court of Amherst county.

*Affirmed.*

The opinion states the case.

*William Kinckle Allen*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General, for the Commonwealth.*

KELLY, P., delivered the opinion of the court.

John T. Casey was convicted of manufacturing ardent spirits and sentenced to confinement in jail for thirty days and the payment of a fine of $50.00.

1. The first assignment of error calls in question the action of the court in permitting the Commonwealth to avail itself of information and evidence against the accused alleged to have been obtained by a search of his premises and a seizure of his property without a search warrant. The Commonwealth concedes that the officers had no such warrant, but contends (1) that the search and seizure were lawful, and (2) that if they were not lawful the information and evidence thereby obtained were properly admitted in proof of the crime.

The facts upon which the Commonwealth asserts that the search and seizure were lawful are that the officers detected odors on the outside of defendant's house coming from within, which satisfied them of the presence and operation of a still therein, and that when they so informed the defendant he agreed to the search. It is further contended by the Commonwealth that even if he had not so agreed the officers had a right to arrest the defendant and enter and search the premises because they were already apprised by their senses that an offense was being committed practically in their presence, citing for this proposition *McBride* v. *United States* (C. C. A.), 284 Fed. 416, 419.

The positions thus taken by the Commonwealth are strenuously combatted by counsel for the defendant, who contend that both the arrest and the entry were illegal, and, further, that under any view of the circumstances the lack of a warrant rendered the search unlawful because it was in violation of section 4 of chapter 345 of the Acts of 1920, regulating search warrants (Acts 1920, page 517).

[1] We deem it unnecessary to do more than to state as above the subordinate contentions in the case before us because the overshadowing and controlling question is whether, conceding that the search and seizure were illegal, the information and evidence procured as the result thereof could be lawfully used against the accused at the trial.    This is a question upon which the authorities are in irreconcilable conflict.    It has been urged before us at great length and with marked earnestness and ability in two cases at the present term of the court —this case and the case of *Gilly Hall* v. *Commonwealth, post* page 727, 121 S. E. 154.    In the latter case we to-day hand down an opinion, written by Judge West, in which we hold that evidence of the character here in question is admissible, even though it be obtained illegally.    We have nothing further to add here, because our views are fully expressed in the opinion just mentioned.

[2] 2. The second error assigned is that there was no proof of the *corpus delicti*, the contention being that the liquid found in defendant's possession was not shown to have been ardent spirits.    This assignment is wholly without merit.    It is true, as contended by counsel for defendant, that the officers did not drink any of the liquor, and that the only one who said he tasted it made the test by "tasting of it with his finger."    It is also true as contended that the return on the warrant

showed that the officer making the same "found at John Casey's one complete copper outfit in operation and thirty and one-half gallons peach brandy," whereas the same officer when he came to testify as a witness at the trial said that the liquor he tasted with his finger at the still was *whiskey*. From this it is argued that the witness has contradicted himself by saying in one place that the liquor was whiskey and in another place that it was brandy. We attach no importance to this variance. More than one of the witnesses throughout their testimony in the case used the terms "whiskey" and "brandy" interchangeably. Furthermore, the Commonwealth proved that the accused had admitted his guilt prior to the trial, and he made no denial or attempt to disprove this admission, so that the Commonwealth's case was made out against him without reference to the testimony which is sought to be questioned by the second assignment of error.

[3] 3. The remaining assignment relates to the instructions.

It is said that instruction No. 1, given for the Commonwealth, was so phrased as to plainly assume the defendant's guilt, and was therefore erroneous. We do not think the instruction fairly construed is open to this criticism, but conceding that it was erroneous in this respect, the error was plainly harmless, because, as shown above, the defendant's guilt was clearly proved without any contradiction or dispute on his part, and inasmuch as the jury fixed his punishment at the minimum provided by law for his offense, he cannot be heard to say that any other verdict could properly have been rendered against him. *Hanger v. Commonwealth,* 107 Va. 872, 60 S. E. 67.

Instruction No. 2 given for the Commonwealth and challenged by counsel for the accused related solely to

the question of evidence obtained upon a search of the defendant's premises without a lawful search warrant; and in view of what has already been said under the first assignment, this point requires no further discussion.

We find no error in the judgment complained of, and the same is affirmed.

*Affirmed.*