# CHARLESTON.

R. C. HALL v. L. A. DOUGLAS, UNITED FUEL GAS CO. *et al.*

(No. 6021)

Submitted October 4, 1927.   Decided October 18, 1927.

PARTITION—*Lessee of Cotenant of Mineral Estate is Entitled to Lease's Value From Proceeds Assigned to Lessor on Partition of Minerals by Sale.*

> The lessee of a cotenant of mineral estate in land is entitled to be paid for the value of his lease out of the proceeds assigned to his lessor, upon partition of the minerals by sale.

> (Partition, 30 Cyc. p. 294 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by R. C. Hall against L. A. Douglas and others for partition. From a decree confirming a sale, and denying defendant the United Fuel Gas Company the right to participate in the proceeds, it appeals.

*Reversed and remanded.*

*Harold A. Ritz,* for appellant.

*Grover F. Hedges* and *Harper & Baker,* for appellees Douglas, Adams, Townsend and McKown.

LITZ, JUDGE:

This suit was instituted for partition of 1½ acres of oil and gas land, situated in Roane County, and owned by the parties as follows: ½ of the mineral and surface by the plaintiff, R. C. Hall; ½ of the surface by the defendant, L. E. Garrett; and ½ of the mineral by the defendants, L. A. Douglas, R. R. Douglas, Ufa Douglas, Hallie Douglas Adams, Ethel Townsend, Vera McKown, J. B. Vineyard and Flora Vineyard, subject to a lease for oil and gas to the defendant United Fuel Gas Company. The answer of the United Fuel Gas Company avers that it will cost more than the value of the gas to drill a well on the land; that "the only way in which the rights of the parties in the oil and gas and other minerals thereunder can be preserved is to sell the same and divide the proceeds"; and prays in the alternative for dismissal of the bill or sale of the minerals and distribution of the proceeds among the parties in interest.

By decree of June 27th, 1925, the circuit court "adjudged, ordered and decreed that the surface only of said land can be partitioned in this suit". This Court upon a former appeal affirmed that decree, in so far as it directed the partition in kind of the surface only, and remanded the cause for sale of the oil and gas and distribution of the proceeds among the parties in interest. *Hall* v. *Douglas,* 102 W. Va. 400. Thereafter, by decree of January 18th, 1927, the circuit court directed a sale of the oil and gas and distribution of the proceeds; and pursuant to said decree the oil and gas were

sold, May 7th, 1927, to L. G. Davis for $9,500.00. May 23rd, 1927, the United Fuel Gas Company filed a petition alleging that on July 30th, 1926, it drilled a producing gas well upon a tract of 150¾ acres of land, embraced in its lease of the 1½ acres; and praying in the alternative, that the sale be set aside and the interest of the petitioner in ½ of the oil and gas underlying the 1½ acres be determined before ordering another sale, or that "if the court is of the opinion that it can determine the interests of the parties herein without setting aside said sale and said decree, that then, before said fund is distributed, it first ascertain and determine the interest of this petitioner in said fund, and in any decree distributing the same direct that such part of said fund be paid to it as will correspond to its interest in said land under said lease". A decree was entered May 28th, 1927, confirming the sale and denying the United Fuel Gas Company the right to participate in the proceeds. Appealing from that decree, the United Fuel Gas Company assigns the following as grounds of error:

(1) The entry of the decree of sale before determining the interests of the parties in the oil and gas, and the absence of proof that the interests of all the parties would be thereby promoted.

(2) The denial to the plaintiff of the right to participate in the proceeds of sale, and the directing of payment of one-half thereof to J. P. Young, a stranger to the suit.

The decree involved in the former appeal specifically determined the interests of the parties in the oil and gas, as well as the surface of the 1½ acres of land. The appellant, having averred in its answer that the only way in which the rights of the parties in the oil and gas could be preserved was by sale and division of the proceeds, is not in position to question the propriety of the sale; nor is it prejudiced by the decree complained of, in so far as payment of one-half of the proceeds of sale is directed to J. P. Young, as assignee of the plaintiff, R. C. Hall. The appellant, however, is prejudiced by the decree denying it the right to participate in the proceeds from the sale of the interest in the oil and gas belonging to the defendants L. A. Douglas, R. R. Douglas,

Ufa Douglas, Hallie Douglas Adams, Ethel Townsend, Vera McKown, J. B. Vineyard and Flora Vineyard, and the decree, appealed from, to this extent will be reversed, and the cause remanded for the purpose of ascertaining the value of its lease, and of directing payment thereof from the proceeds derived from the sale of the interest of said defendants. Although title conferred by an oil and gas lease is inchoate until oil or gas is found, the lessee has, nevertheless, by virtue of the lease alone, a property right which is subject to taxation in this state. It is a chattel real.

*Reversed and remanded.*