# CHARLESTON.

Tell McDonald *et al. v.* Sarah Bennett *et al.*

(No. 6651)

Submitted March 4, 1930.   Decided March 11, 1930.

*J. D. Jones,* and *Turner & Forrer,* for appellants.

*Lorentz C. Hamilton,* and *Charles Powell, Kemble White,* and *A. F. McCue,* for appellee Hope Natural Gas Co.

Lively, President:

The bill is for partition of oil and gas in and underlying 212¾ acres in Calhoun county.   This land was owned in fee

by W. T. Wiant and N. M. Bennett, who, in 1898, conveyed it in fee to C. E. Vandevender and John S. Withers with a reservation in these words: "But there is reserved and excepted from the conveyance ⅛ of all the oil and gas in and underlying said tract of land that may be produced therefrom, and the right of ingress and egress for the purpose of utilizing the same." The title to this tract, less the reservation and exception, became vested in plaintiffs as follows: In 1899, Vandevender and Withers conveyed the land to S. W. Gainer who died testate in 1904. By his will, this tract, after the death of Gainer's wife, was given to his two children, Cleo and Cora, who were then infants, with power in the executors therein named (A. L. Gainer and Lee Gainer) to manage and sell the real estate at their discretion. On November 9, 1920, Cora (then Cora Keiser) and her husband deeded a one-half undivided interest in the tract to Tell McDonald, K. M. Hunt and Lorentz C. Hamilton; later, in 1921, the grantees in that deed sued Cleo Gainer and others for a partition of the lands in which they and defendants therein had undivided interests including the said 212¾ acre tract, in which suit a deed was directed to be made through a commissioner to Tell McDonald, K. M. Hunt and Lorentz C. Hamilton, and which deed, made August 19, 1921, conveyed to them the said tract. However, the oil and gas underlying the lands were not partitioned between the plaintiffs therein (purchasers of the undivided interests of Cora Gainer [Keiser]) and Cleo Gainer. Later, in 1928, Cleo Gainer and his wife deeded all his right, title and interest in the tract to Tell McDonald, K. M. Hunt and Lorentz C. Hamilton. Later, in the same year, Lorentz C. Hamilton deeded his interest in the tract of Minnie Hamilton.

In short, the title to the 212¾ acres, with the reservation and exception in the deed of 1898, by mesne conveyances became vested in plaintiffs McDonald, Hunt and Minnie Hamilton; and the title to the ⅛ interest in the oil and gas reserved and excepted in the Wiant and Bennett deed of 1898, became vested in the N. M. Bennett heirs by descent, and in the W. T. Wiant heirs by will. This suit, begun in 1929, is for the purpose of partitioning the ⅞ interest of plaintiffs

and the ⅛ interest of defendants (the Bennett and Wiant heirs). But what interest has defendant, Hope Natural Gas Company, in the suit? It arises in this way: On July 6, 1920, while plaintiffs were strangers to the title, the executors of S. W. Gainer, under the power given them by the will to manage, sell and dispose of the real estate as their discretion might prompt them to do, executed an oil and gas lease unto the Hope Natural Gas Company (hereinafter called the Hope for brevity) on all of their undivided interest in the 212¾ acres. In 1921, the lessee drilled a paying gas well and obtained a vested right in the 212¾ acres, and is now operating the lease. Plaintiffs, McDonald, Hunt and Lorentz C. Hamilton (predecessor of plaintiff, Minnie Hamilton), having at that time obtained deed from Cora Keiser (nee Gainer) appointed Lorentz C. Hamilton to receive all rents and payments for them by virtue of the lease, and the delay rentals and royalties were paid by the Hope to Hamilton, Agent. Later, on November 1, 1928, plaintiffs designated the Calhoun County Bank as their agent, and the rents and royalties have been paid to that agent since that time. It appears from the answer of the Hope that it assigned and sold to South Penn Oil Company all of its leasehold oil rights, interests and estates in said tract, on August 24, 1920, before plaintiffs obtained any interest in the tract.

The bill sets out deraignment of title of plaintiffs to the tract from Bennett and Wiant under their deed of 1898, and the lease made by Gainer's executors to the Hope in July, 1920, and the operations thereunder. It also avers the respective interest of the Bennett and Wiant heirs in the land and how obtained by them. It further charges that the oil and gas in the land is not susceptible to partition in kind among the owners thereof, and prays for a sale of the same free from all claims of the parties thereto and a division of the proceeds, and for general relief. Two of defendants, Frank Miles and William Wiant, were infants and a formal answer was filed by guardian ad litem. The other defendants, heirs of Bennett and Wiant, answered, setting up their respective interests in the oil and gas, admitting the execution of the oil and gas lease in 1920 to the Hope, and claiming that they

are entitled thereunder to ⅛ of all the oil which may be produced therefrom and all of the sums payable thereunder from the lessee for the gas produced therefrom. They resist any sale which would affect their intests, confirm the lease made by the executors upon payment to them of all the royalties and payments thereunder, but ask, if a sale be made, that the interests of plaintiffs and defendants therein be sold separately.

The court heard the cause on bill and exhibits, answer of the infants, separate answer of the Hope, joint answer of the other defendants, the general replications to the answers, and on April 18, 1929, decreed that plaintiffs and defendants are the owners of all the oil and gas subject to the rights, privileges and estates of the Hope under its lease of the ⅞ undivided interest therein; that plaintiffs owned ⅞ interests and defendants owned, in certain parts to each defendant therein set out, the other ⅛ interest, and that the sum derived from sale be paid to both plaintiffs and defendants as therein set out; decreeing, however, to the Hope a property right in the proceeds of the sale of the ⅞ interest and the mining rights and privileges, and reserved for determination until the receipt of a report of sale, the respective interests of plaintiffs and the Hope in the fund arising from the sale of the ⅞ of the oil and gas, subject to the Hope's mining rights. The court then decreed that the oil and gas was not susceptible of partition, that the interests of those entitled thereto would be promoted by a sale and division of the proceeds, directed a sale of the oil and gas and the mining rights thereto, the sale to be free from the mining and operating rights of the Hope, and appointed a commissioner to sell. A sale was later made as directed, a report thereof filed, one Jacob Moore being the purchaser, an upset bid filed, the sale not confirmed, a new sale directed, pending which this appeal on behalf of the Bennett and Wiant heirs was granted to the decree of April 18, 1929, adjudicating the cause and directing sale, and the decree of August 20, 1929, directing another sale.

The appellants submit that the decree is erroneous because (1) The court erred in decreeing that the plaintiffs were the

owners of ⅞ of all the oil and gas underlying said tract of land and that defendants were owners of ⅛ of all the oil and gas in place, rather than owners of ⅛ royalty interest in said oil and gas. (2) The court erred in decreeing a sale of the oil and gas without allegations and proof that the interests of the parties entitled to the oil and gas would be promoted by a sale thereof. (3) The court erred in decreeing the sale of the oil and gas in the absence of the South Penn Oil Company, a party having an interest in the oil, as shown by the record.

Logically, the last assignment of error should be discussed first. The appellees (plaintiffs below) contend (1) that the failure of the South Penn Oil Company to record its purported assignment placed it in the same position as a *pendente lite* purchaser; (2) that a lessee is not a necessary party in a suit to sell the fee in land; (3) that all persons interested in the subject matter are not necessary parties to a partition suit. These contentions are without merit. We are unable to perceive how the assignee of the Hope Natural Gas Company placed itself in the same position as a *pendente lite* purchaser, since the assignee, South Penn Oil Company, acquired its right in the oil underlying the 212¾ acres of land before the plaintiffs acquired their interest therein. Moreover, purchasers *pendente lite* are not usually made parties as they are bound by the decree though not brought before the court. *Pullan* v. *Railroad Co.*, 20 F. Case No. 11461, 4 Biss. 35. Originally, in partition suits, it was necessary to join a lessee, though mortgagees and judgment creditors were not made parties because decrees for partition were not allowed to affect the interests of third persons. 2 Minor Inst. 418. The appellees cite the case of *Chapman* v. *Railroad Company*, 18 W. Va. 184, which holds that where proceedings are had to sell the fee in land, it is not necessary to make the lessee thereof a party. Chapter 79, section 5, Code, provides, in effect, that the lessee's rights are not affected by partition, thus inferring that generally it would not be required to join a lessee as a party. But can we say this is a case where the lessee's assignee should not be made a party? The pertinent question is whether the South Penn Oil Company was an

670

indispensable party, and, if so, what is the effect of non-joinder? The answer of the Hope Natural Gas Company averred it had assigned the oil rights under the lease to the South Penn Oil Company. By the terms of the decree, those oil rights were abrogated. Whether or not the Oil Company was, up to the time of the decree, a necessary or indispensable party is immaterial, for by the decree its rights were concluded. It thereby became an indispensable party. *Jones* v. *Herbert,* 77 N. H. 282, 90 Atl. 854; 47 C. J. 16, sec. 10, 11. Moreover, the bill seeks to sell the oil and gas free and clear of the lease, thus striking directly at the interest of the Oil Company. Non-joinder of a necessary party defendant is so serious a defect that the objection may be raised by the court *ex mero motu* (21 C. J. 328, sec. 323), or under circumstances may be raised for the first time in the appellate court. In *Clayton* v. *Henley,* 32 Gratt. (Va.) 65, Staples, J., stated:

> "If the absent party has an interest in the subject matter of controversy of such a nature that final decree cannot be made without affecting that interest, the appellate court of its own motion will direct that he be brought before the court, whether the objection was or was not made in the court below. If, on the other hand, the interests of the absent parties are separable from those of the parties before the court, so that the court can proceed to a final decree and do complete justice without affecting the absent parties, the latter are not regarded as indispensable * * *; and if the objection be delayed until the case reaches the appellate court, that court will not require it unless it is clear that the absent party is likely to be prejudiced by the decree." See also Carlin's Ed., Hogg's Eq. Pr., Vol. 1, 156.

It is an elementary rule of equity that where an indispensable party, as disclosed by the record, is not before the court, a decree affecting his rights will be reversed and the cause remanded for further proceedings. *Crickard* v. *Crouch,* 41 W. Va. 503, 23 S. E. 727; *Maynard* v. *Shein,* 83 W. Va. 508, 98 S. E. 618; *Long* v. *Pritt,* 92 W. Va. 73, 114 S. E. 512. Counsel for both appellants and appellees during argument

urged the court to pass upon the merits of the case. This we cannot do, even though there were no other error in the proceedings. The disposition of the preliminary question of nonjoinder of the South Penn Oil Company precludes discussion of the merits, for, as expressed in *Gas Company* v. *Gas Company,* 101 W. Va. 73, 131 S. E. 713, 715. "In the absence of a necessary [indispensable] party, this court will not pass upon the merits of the cause." See also *Coffman* v. *Gas Company,* 74 W. Va. 57, 81 S. E. 575.

A more important question is presented by the second assignment of error which goes to the jurisdiction of the court to render the decree of sale. The bill, which averred that the subject matter of the suit was not susceptible of partition in kind, is wholly wanting in any allegation that the interests of all the parties entitled to the oil and gas would be promoted by a sale, and there is no proof thereof. The only averment in the record relating thereto is found in the court's decree. Basis for its conclusion is not determinable from the record. At common law, partition, though inconvenient, had to be in kind. 2 Minor Inst. 421. It did not authorize a sale of lands jointly owned, in case partition could not be made; and only coparceners could compel partition. Section 3, Chapter 74, Code of West Virginia, copied from the Virginia statute, changed the common law rule and provided that where "partition cannot be conveniently made, if the interests of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject", etc., the court may sell the land and make distribution of the proceeds of sale. The appellees (plaintiffs below) argue that since oil and gas in place can be partitioned only by a sale thereof, it would be a vain thing to take evidence of its susceptibility of partition in kind. Assuming that be true, does it relieve plaintiffs of averring in their bill, or, at least, showing affirmatively that sale thereof would promote the interests of all parties interested? We think not. In *Eagle Land Co.* v. *Jarrell,* 94 W. Va. 564, 119 S. E. 556, 560, the court stated: "To authorize a sale it must affirmatively appear by proof or admissions that the interests of the co-tenants will be promoted by a sale and the division of the proceeds of sale. * * *

It might be that partition could only be made by such sale, but that is not enough to justify a sale. It must be shown, considering all the conditions, present and prospective, that the interests of the parties will be promoted by such sale.'' See also *Bracken* v. *Everett*, 95 W. Va. 550, 121 S. E. 513. This is especially true where, as in this case, the rights of infants are involved. *Eagle Land Co.* v. *Jarrell, supra,* fourth point syllabus; *Zirkle* v. *McCue*, 26 Gratt. (67 Va.) 517. The power to sell is predicated upon the prerequisites provided in the statute, namely, that partition cannot be conveniently or equitably made and that the interests of the parties entitled to the land will be promoted by a sale. *Loudin* v. *Cunningham,* 82 W. Va. 453, 456, 96 S. E. 59. ''The facts required by the statute must appear. Where the record does not show this, a sale is erroneous.'' *Roberts* v. *Coleman,* 37 W. Va. 143, 158, 16 S. E. 482, 487; *Hogan* v. *Ward,* 87 W. Va. 682, 106 S. E. 232.

Appellees cite the case of *Loudin* v. *Cunningham, supra,* as authority for the proposition that it is not necessary where oil and gas are sold to show that the interests of all the owners' thereof would be promoted by such sale. It is true, as appellees state, that the parties in that suit owned both the surface and the oil and gas and that the several interests were decreed by the lower court to be sold. But, complaint to this Court was made of the decree only as it directed a sale of the surface. The decision there did not consider the decree as relating to the sale of the oil and gas. That decree may have been erroneous and voidable; but apparently the parties agreed to the sale. At least, they did not question that part of the decree in this Court. See *Hogan* v. *Ward, supra.* Appellees rely on the case of *Hall* v. *Douglas,* 104 W. Va. 286, 140 S. E. 4. That case is not applicable here. The lessee of the oil and gas in that case by its answer asked, as alternative relief, that the minerals be sold and the proceeds divided. It could not then complain, after sale, that it was not shown that it was to its interest to have the sale made. We are unable to say from the record in the instant case that the appellants would be benefited by a sale. To the contrary, it would seem that, since development under

the lease has resulted in a producing gas well, though on the adjoining tract included in the lease, appellants' interest in the oil and gas—whether in place as royalty—may yield them an amount of money greater than that which they would realize from a sale under the decree. · By appellants' joint answer (except the infants) they confirm the lease and express a desire that the lessee therein continue to develop. It is not sufficient that the plaintiffs' interests be promoted. All parties must be benefited or a sale cannot be lawfully made. *Loudin* v. *Cunningham, supra.* It was therefore error to enter the decree complained of in the absence of an affirmative showing that the interests of all who owned the subject matter would be promoted.

The decree will be reversed, and the cause remanded.

*Reversed; remanded.*