### ZINN v. KITTLE et al.

District Court, N. D. West Virginia.
Sept. 3, 1937.

W. T. George, of Philippi, W. Va., for plaintiff.

George M. Kittle and Frank G. Kittle, both of Philippi, W. Va., for defendant.

BAKER, District Judge.

This is a suit removed from the circuit court of Barbour county, W. Va. The plaintiff, W. D. Zinn, in his bill alleges that the defendant, the National Bank of Wheeling, obtained a judgment against the Tygarts Valley Orchard Company and himself and others, upon a promissory note upon which he was surety, for the sum of something more than $8,000; that subsequent thereto a general creditors' suit was instituted in the circuit court of Barbour county, W. Va., against said Tygarts Valley Orchard Company, and such proceedings were had in said suit that the liens were ascertained against the real estate belonging to said Orchard Company, and a decree of sale entered wherein J. Blackburn Ware and H. J. Wilcox were appointed special commissioners to make sale of said real estate; that among the liens decreed against said real estate was the judgment against the Tygarts Valley Orchard Company and W. D. Zinn in favor of the National Bank of Wheeling, as aforesaid.

Plaintiff further avers that said sale was made by said special commissioners and that the down payment of the purchase price, amounting to more than $3,000, was deposited by them, as said special commissioners, in the First National Bank of Philippi; that on or about the 21st day of February, 1933, said special commissioners mailed to McCamic and Clark, attorneys for the National Bank of Wheeling, their check as said special commissioners, drawn on the funds as aforesaid, for the sum of $2,900, as a payment on the judgment of the National Bank of Wheeling, as aforesaid.

Plaintiff further avers that said check was received by McCamic and Clark on or about February 22, 1933, and they caused the same to be presented to the First National Bank of Philippi, which check was not paid upon presentation, but that the same was returned to said McCamic and Clark, with information that the same was not properly indorsed, and that the same was not returned by said McCamic and Clark to the said the First National Bank of Philippi, with proper indorsement, until after the banking holiday declared by the President of the United States on March 6, 1933, at which time said bank was closed; that said bank never thereafter opened for business and that a new bank was organized, the First National Bank in Philippi, which paid 50 per cent. of the deposits in the First National Bank of Philippi at the time it closed, and that the residue of the assets of said the First National Bank of Philippi was placed in the hands of said trustees for liquidation; and that thereafter the First National Bank in Philippi paid to McCamic and Clark one-half of the check of $2,900, as aforesaid, leaving the other one-half thereof, or $1,450, unpaid.

Plaintiff further avers that he had deposited with J. A. Harrell bonds equal to or in excess of the judgment which the National Bank of Wheeling had obtained against the Tygarts Valley Orchard Company and himself, and others, as aforesaid, as security therefor, and that the said J. A. Harrell was, by consent of the plaintiff, permitted to sell said bonds deposited with him as collateral, and that the said J. A. Harrell "arbitrarily took from the proceeds of the sale of said bonds so belonging to

.this plaintiff, a sufficient sum of money to pay the balance due upon said judgment of the National Bank of Wheeling against the Tygarts Valley Orchard Company, this plaintiff and others, including the one-half part of said check of $2,900.00."

Plaintiff further avers that the failure of said McCamic and Clark to present the check to the First National Bank of Philippi within a reasonable time, properly indorsed, was the approximate cause of the loss to the plaintiff of said $1,450, or, if his allegation respecting the presentment of said check without proper indorsement by McCamic and Clark is incorrect, then said the First National Bank of Philippi was negligent in failing to pay the same when presented, and said action was the cause of said loss.

Plaintiff further avers that said National Bank of Wheeling, by its agent, J. A. Harrell, wrongfully misapplied the proceeds from the sale of plaintiff's bonds, placed with the said J. A. Harrell as security for the judgment of the said National Bank of Wheeling, against the plaintiff and others.

Plaintiff further avers that said $1,450 was deposited in the First National Bank of Philippi by H. J. Wilcox and J. Blackburn Ware, as special commissioners, under the directions of the circuit court of Barbour county, W. Va., and for that reason constitutes a trust fund.

Defendants contend:

First. The proper persons are not made parties to this bill.

Upon the theory of plaintiff's bill that said deposit in the First National Bank of Philippi constituted a trust fund, J. Blackburn Ware and Howard J. Wilcox, as special commissioners, should be made parties to said bill. They deposited said funds in the bank, in their names as such, and undoubtedly are the holders of the legal title thereto. Also all parties to the general creditors' suit against the Tygarts Valley Orchard Company, who were interested in said fund, should be made proper parties to this suit.

Equity requires that the holder of the legal title to the demand in question should be made a party. Bragg v. Coal Co., 70 W.Va. 655, 74 S.E. 946; Caldwell v. Taggart, point 4 of Syl. 4 Pet. 190, 7 L.Ed. 828; 21 C.J. 263, § 256.

All persons interested in the subject matter of a suit and affected by the result thereof must be made parties thereto. Long v. Pritt, 92 W.Va. 73, 114 S.E. 512; Murray v. Price, 114 W.Va. 425, 172 S.E. 541.

Upon the theory of the misapplication by J. A. Harrell of the proceeds of the bonds deposited with him as security, the said J. A. Harrell should have been made a party thereto.

Second. The bill should be dismissed as to the agents of the First National Bank of Philippi, since it does not allege facts sufficient to constitute the $1,450 in controversy a trust fund in the hands of the agents of the First National Bank of Philippi.

Money deposited in a bank or trust company by a court, or its order, or by an officer thereof, does not constitute a trust fund. Clisby v. Mastin, 150 Ala. 132, 43 So. 742, 124 Am.St.Rep. 64; Keyes v. R. R. Co. (C.C.A.) 61 F.(2d) 611, 86 A.L.R. 203, and note at page 209.

Third. The bill is multifarious.

The bill seems to be drawn upon four theories: First, that the National Bank of Wheeling, through its agent, J. A. Harrell, made wrongful application of the pledge and asked for an accounting; second, that said National Bank of Wheeling, through its attorneys, McCamic and Clark, was careless in indorsing and presenting said check aforesaid to the First National Bank of Philippi, for payment; third, that the First National Bank of Philippi wrongfully refused to pay said check, when presented by the National Bank of Wheeling, through its attorneys, McCamic and Clark; and, fourth, that said fund so deposited in the First National Bank of Philippi by said special commissioners, as such, constitutes a trust fund. It plainly attempts to plead distinct causes of action against two separate and distinct parties, the agents for the First National Bank of Philippi, and the National Bank of Wheeling, and asked for relief either against one or the other, but not against both.

The demand of several matters of a distinct and independent nature against several defendants in the same bill makes the same multifarious. 21 Corpus Juris 408, § 428; 20 Standard Enc. of Pr. 65, § 2; Dennis v. Justus, 115 Va. 512, 79 S.E. 1077.

Fourth. The bill does not set out facts sufficient to justify the discovery sought.

The bill alleges that the National Bank of Wheeling, through its agents, did one thing, then if they did not do that, then the First National Bank of Philippi did another, and prays that each come in and disclose what was actually done. This is nothing more than pleading a mere "suspicion" or a "vague guess," and is a fishing expedition, and improper. General Film Co. v. Sampliner (C.C.A.) 232 F. 95; 1 Pomeroy's Eq. Jurisprudence (4th Ed.) p. 197, note (c).

## Conclusions of Law

 That H. J. Wilcox and J. Blackburn Ware, as special commissioners in the chancery cause of J. A. Harrell, as Receiver of the Citizens National Bank of Philippi, against the Tygarts Valley Orchard Company, and others, pending in the circuit court of Barbour county, W. Va., held the legal title to the sum of $2,900, deposited by them in their name as such special commissioners in the First National Bank of Philippi, $1,450 of which is in controversy in this suit, and are indispensable parties hereto; that the check dated the 21st day of February, 1933, payable to the order of "McCamic & Clark, Attys.," drawn by H. J. Wilcox and J. Blackburn Ware, as special commissioners, was presented for payment through the Federal Reserve Branch Bank at Baltimore, Md., to the First National Bank of Philippi, on the 27th day of February, 1933; that the indorsement on the back of said check, when so presented, was improper, in that it failed to show by what authority "McCamic & Clark, Attys.," was indorsed thereon, or that "McCamic & Clark, Attys.," was a partnership, as required by section 11, article 3, chapter 46, of the Official Code of West Virginia, which is as follows: "Where an instrument is payable to the order of two or more payees or indorsees, who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others"; that the First National Bank of Philippi rightfully returned said check on that date, to wit, February 27, 1933, for proper indorsement, and that the same was never again presented for payment to the First National Bank of Philippi prior to the 6th day of March, 1933, the date said bank was closed by the proclamation of the President of the United States; that the sum of $2,900, deposited in the First National Bank of Philippi by H. J. Wilcox and J. Blackburn Ware, as special commissioners, $1,450 of which is in controversy in this cause, was a general deposit, creating a debtor and creditor relation between the bank and the said special commissioners, and not a special deposit, and that said deposit does not constitute a trust fund in the hands of the defendants, Frank G. Kittle, T. L. Burner, and H. S. Haller, agents for the First National Bank of Philippi.

Order may go that the plaintiff's bill be, and the same is hereby, dismissed, and that the plaintiff do pay unto the defendants their costs about the prosecution of their defense, in this behalf expended.